**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**FILED**

JUN 1 7 2008   **NR**

Jun 17, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY AND MICHAEL SPARKS, an Individual, <br><br> Plaintiffs, <br><br> vs. <br><br> THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS <br><br> Defendants. | No. <br><br> JUDGE <br><br> MAGISTRATE JUDGE <br><br> **08CV 3462** <br> **JUDGE MANNING** <br> **MAGISTRATE JUDGE BROWN** |

### COMPLAINT AT LAW

NOW COME the Plaintiffs, W/G KRISTINA 123 LLC, A DELAWARE

LIMITED LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED

LIABILITY COMPANY, W/G SPI LLC, A LIMITED LIABILITY COMPANY and

MICHAEL SPARKS, by their attorneys BLAKE HORWITZ, ELLIOT RICHARDSON,

ERICA FAABORG, RACHELLE SORG, ABBAS MERCHANT and SEAN BAKER,

and for their Complaint At Law against the Defendants, THOMAS MELENA,

ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING

MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE

1

OFFICERS, (hereinafter the "Individual Defendants"), and the CITY OF ROLLING

MEADOWS state the following:

## JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42

U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the

United States; and this Court's supplementary jurisdiction powers.

## PARTIES

1.    W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC own an apartment

complex commonly known as 12 Oaks at Woodfield as tenants in common.  The

managing member of each of these entities is Michael Sparks.

2.    Thomas Melena is the Rolling Meadows City Manager.  Defendant Melena is

sued in his individual capacity.

3.    Steven Williams is the Rolling Meadows police chief.  Defendant Williams is

sued in his individual capacity.

4.    Unknown Rolling Meadows Police Officers are employees of the Defendant, the

City of Rolling Meadows.

5.    Unknown Rolling Meadows Police Officers are sued in their individual capacity.

6.    The City of Rolling Meadows is a duly incorporated municipal corporation and is

the employer and principal of the Individual Defendants as well as the other officers

and/or employees referred to in this Complaint.

7.    At all times material to this complaint, the Individual Defendants were acting

under color of state law, ordinance and/or regulation, statutes, custom and usages of the

City of Rolling Meadows.

## FACTS COMMON TO ALL COUNTS

8.      The 12 Oaks at Woodfield apartment complex is home to many families, including young children. Approximately 2000 individuals live at this location.

9.      On or about June 9, 2008, Rolling Meadows police officers took control and dominated the 12 Oaks at Woodfield complex. Said officers barricaded 13 entrances and established a road block for entrance into the complex. The only method by which inhabitants and/or visitors of the complex were permitted entrance was by passing through a check point wherein police officers would, *inter alia*, interrogate individuals upon entry.

10.     Blocking off entrances to people's home, using cement barricades and requiring individuals to be subject to police inquiry is unconstitutional. Further, there are no exigent circumstances to justify this intrusion. Rolling Meadows is not engaged in a war, nor is it fighting imminent criminal activity. The stated purpose behind this police action is to cause residents to receive a flyer advising them of public meetings wherein safety concerns attributable to their living quarters (i.e. lock doors at night, do not leave valuables in your car) will be addressed. Cement barricades and a police monitored entrance are not necessary to distribute flyers. The flyer distribution scheme is merely a pretext.

11.     Unknown Rolling Meadows Police Officers stationed at the only permitted entrance/exit of the apartment complex, *inter alia*, interrogate occupants and visitors entering the complex, asking personal questions regarding where occupants live, the duration of their stay, personal identification and the like. This is an unwarranted intrusion into the lives of the occupants of 12 Oaks at Woofield.

3

12.     The Individual Defendants and the City of Rolling Meadows directed the placement of the barricades restricting access to 12 Oaks at Woodfield apartment complex.

13.     Defendant Melena has indicated that the barricades may remain for an indefinite period of time.

14.     The Individual Defendants' conduct has caused great upheaval at the 12 Oaks at Woodfield apartment complex. Residents report feeling "like prisoners in their own homes." Further, there has been a decrease in new tenant inquiries at the premises since the Individual Defendants blocked the property with barricades.

15.     Many residents will move out of the apartment complex, thus breaking their rental agreements, should the City of Rolling Meadows continue to block ingress to their homes and/or perform unwarranted seizures and treat residents like criminals. Indeed, Defendant Williams has admitted that this police presence has intimidated some individuals to the point where they have left the premises.

16.     The Plaintiffs seek a declaratory judgment holding that the Individual Defendants have violated the Plaintiffs' constitutional rights.

17.     The Plaintiffs seek a declaratory judgment holding that the Rolling Meadows policy, which consists of using barricades to block ingress into the 12 Oaks at Woodfield complex, violates the Plaintiffs' constitutional rights.

18.     The Plaintiffs seek injunctive relief against the Defendants, their attorneys' fees and costs.

## Procedural Due Process

19.     The Plaintiffs were not provided notice before the Individual Defendants and the City of Rolling Meadows secured barricades to block access to the 12 Oaks at Woodfield apartment complex.  The Plaintiffs were not provided notice before said Defendants caused police officers to be stationed at the only open entrance into the apartment complex.

20.     The Plaintiffs were not provided notice that their residents and guests would be stopped, ordered to roll down their windows, and interrogated by police officers.  The Plaintiffs' due process rights were infringed upon without proper notice.  The Plaintiffs' had the right to receive notice prior to the infringement of their constitutional rights.

21.     The Plaintiffs were not provided a hearing prior to the deprivation of their protected property interest and civil rights.

22.     The Plaintiffs were not afforded a hearing before the Individual Defendants and the City of Rolling Meadows caused barricades to block access to the 12 Oaks at Woodfield apartment complex.

23.     The Plaintiffs were not afforded a hearing before the Individual Defendants and the City of Rolling Meadows caused police officers to establish a checkpoint at the only entrance that remained open at the apartment complex.

24.     The Plaintiffs were not provided a hearing before their residents and guests would be stopped, ordered to roll down their windows, and interrogated by police officers prior to gaining access to Plaintiffs' property. The Plaintiffs' due process rights were infringed upon without being afforded a hearing.  The Plaintiffs had the right to receive a hearing prior to the infringement of their constitutional rights.

## COUNT I
*(Declaratory Judgment Against Thomas Melena, Procedural Due Process)*

25.     The Plaintiffs hereby reinstate and incorporate paragraphs one through twenty-four of this Complaint as if fully stated in Count I.

26.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

27.     Defendant Melena has acted in a manner adverse to Plaintiffs' interest in the property.  Specifically, he has directed officers/employees to block residents (and their guests) access to the apartment complex and created a situation where the only way that residents can get to their apartments is by traveling through a police checkpoint.  This has had an adverse and detrimental impact on the property.

28.     There exists an actual controversy between the Plaintiffs and Defendant Melena.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.     Declaring that Defendant Melena has violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b.     Awarding the Plaintiffs their attorneys' fees and costs;

c.     Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT II
*(Declaratory Judgment Against Chief Steven Williams, Procedural Due Process)*

29.     The Plaintiffs hereby reinstate and incorporate paragraphs one through twenty-four of this Complaint as if fully stated in Count II.

30.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

31.     Defendant Williams has acted in a manner adverse to Plaintiffs' interest in the property.  Specifically, he has directed officers/employees to block residents (and their guests) access to the apartment complex and created a situation where the only way that residents can get to their apartments is by traveling through a police checkpoint.  This has had an adverse and detrimental impact on the property.

32.     There exists an actual controversy between the Plaintiffs and Defendant Williams.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.     Declaring that Defendant Williams has violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b.     Awarding the Plaintiffs their attorneys' fees and costs;

c.     Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT III
*(Declaratory Judgment Against Unknown Rolling Meadows Police Officers, Procedural Due Process)*

33.     The Plaintiffs hereby reinstate and incorporate paragraphs one through twenty-four of this Complaint as if fully stated in Count III.

34.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

35.     Defendant Unknown Rolling Meadows Police Officers have acted in a manner adverse to Plaintiffs' interest in the property.  Specifically, they have blocked residents and their guests' access to the apartment complex and have created a situation where residents are required to travel through a police check point to access their homes.  This has had an adverse and detrimental impact on the property.

36.     There exists an actual controversy between the Plaintiffs and Defendant Unknown Rolling Meadows Police Officers.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.     Declaring that Defendant Unknown Rolling Meadows Police Officers have violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b.     Awarding the Plaintiffs their attorneys' fees and costs;

c.     Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

**COUNT IV**
*(Monell - Declaratory Judgment
Against the City of Rolling Meadows, Procedural Due Process)*

37.     Plaintiffs restate and incorporate paragraphs one through twenty-four of this Complaint as if fully set forth in Count IV of this Complaint.

38.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

39.     The City of Rolling Meadows, by and through their final policy makers, instituted a policy which has had an adverse impact on Plaintiffs' interest in the property.

Specifically, the City of Rolling Meadows has blocked residents (and their guests) access to the apartment complex and created a checkpoint at the only open entrance into the apartment complex.

40.    Under the guise of providing safety instruction, the City of Rolling Meadows has turned the 12 Oaks at Woodfield apartment complex into a virtual police state. This has had an adverse and detrimental impact on the property.

41.    There exists an actual controversy between the Plaintiffs and the City of Rolling Meadows.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.    Declaring that the implementation of the above-referenced policy, without notice or a hearing, violates the Plaintiffs' Fourteenth Amendment due process rights;

b.    Awarding the Plaintiffs their attorneys' fees and costs;

c.    Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT V
*(Declaratory Judgment Against Thomas Melena, Substantive Due Process)*

42.    Plaintiffs restate and incorporate paragraphs one through twenty-four of this Complaint as if fully set forth in Count V of this Complaint.

43.    The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

44.    The action taken by Defendant Melena was arbitrary and capricous, thereby depriving Plaintiffs' of their property interest.

45.    Defendant Melena did not provide Plaintiffs with any state law remedies before unreasonably depriving Plaintiffs of their property interest.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.    Declaring that Defendant Melena has violated the Plaintiff's Fourteenth Amendment substantive due process rights by engaging in the conduct set forth herein by acting arbitrarily and irrationally and without adequate state law remedies;

b.    Awarding the Plaintiffs their attorneys' fees and costs;

c.    Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT VI
*(Declaratory Judgment Against Chief Steven Williams, Substantive Due Process)*

46.    Plaintiffs restate and incorporate paragraphs one through twenty-four of this Complaint as if fully set forth in Count VI of this Complaint.

47.    The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

48.    The action taken by Defendant Williams was arbitrary and capricious, thereby depriving Plaintiffs' of their property interest.

49.    Defendant Williams did not provide Plaintiffs with any state law remedies before unreasonably depriving Plaintiffs of their property interest.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.    Declaring that Defendant Williams has violated the Plaintiffs' Fourteenth Amendment substantive due process rights by engaging in the conduct set forth herein by acting arbitrarily and irrationally and without adequate state law remedies;

b.    Awarding the Plaintiffs their attorneys' fees and costs;

c.    Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

**COUNT VII**
*(Declaratory Judgment Against Unknown Rolling Meadows Police Officers,
Substantive Due Process)*

50.    Plaintiffs restate and incorporate paragraphs one through twenty-four of this Complaint as if fully set forth in Count VII of this Complaint.

51.    The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

52.    The action taken by Defendant Unknown Rolling Meadows police Officers was arbitrary and capricious, thereby depriving Plaintiffs' of their property interest.

53.    Defendant Unknown Rolling Meadows Police Officers did not provide Plaintiffs with any state law remedies before unreasonably depriving Plaintiffs of their property interest.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

d.    Declaring that Defendant Unknown Rolling Meadows Police Officers have violated the Plaintiffs' Fourteenth Amendment substantive due process

11

rights by engaging in the conduct set forth herein by acting arbitrarily and

irrationally and without adequate state law remedies;

e.        Awarding the Plaintiffs their attorneys' fees and costs;

f.        Awarding the Plaintiffs any further relief this Honorable Court deems fair

and just.

## COUNT VIII
*(Monell - Declaratory Judgment Against City of Rolling Meadows
Substantive Due Process)*

54.     Plaintiffs restate and incorporate paragraphs one through twenty-four of this

Complaint as if fully set forth in Count VIII of this Complaint.

55.     The Plaintiffs have a tangible legal interest in the property commonly known as

the 12 Oaks at Woodfield apartment complex.

56.     The action taken by the City of Rolling Meadows was arbitrary and capricious,

thereby depriving Plaintiffs' of their property interest.

57.     The City of Rolling Meadows did not provide Plaintiffs with any state law

remedies before unreasonably depriving Plaintiffs of their property interest.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G

SPI LLC, respectfully request that this Honorable Court enter an order:

a.        Declaring that the City of Rolling Meadows has violated the Plaintiffs'

Fourteenth Amendment substantive due process rights by engaging in the conduct

set forth herein by acting arbitrarily and irrationally and without adequate state

law remedies;

b.        Awarding the Plaintiffs their attorneys' fees and costs;

c.      Awarding the Plaintiffs any further relief this Honorable Court deems fair

and just.

## COUNT IX
*(745 ILCS 10/9-102 Claim Against the City of Rolling Meadows)*

58.     Plaintiffs restate and incorporate paragraphs one through twenty-four of this

Complaint as if fully set forth in Count IX of this Complaint.

59.     The Defendant City of Rolling Meadows is the employer of the Individual

Defendants as alleged above.

60.     The Individual Defendants, as alleged above, committed the acts under color of

law and in the scope of employment of the City of Rolling Meadows.

WHEREFORE, should the Individual Defendants be found liable for any of the

alleged counts in this cause, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the

City of Rolling Meadows pay Plaintiffs' any judgment obtained against the Individual

Defendants as a result of this complaint.

## COUNT X
*(Supplementary Claim for Respondeat Superior)*

61.     Plaintiffs restate and incorporate paragraphs one through twenty-four of this

Complaint as if fully set forth in Count X of this Complaint.

62.     The aforesaid acts of the Individual Defendants were in the scope of employment

and therefore the Defendant City of Rolling Meadows as principal, is liable for the

actions of its agent(s) under the doctrine of *respondeat superior.*

WHEREFORE should the Individual Defendants be found liable for any state

claims alleged herein, Plaintiffs demand judgment against the City of Rolling Meadows

and such other additional relief, as this Court deems equitable and just.

Respectfully Submitted,

s/ _____
Attorney for the Plaintiffs
Blake Horwitz

s/ _____
Attorney for the Plaintiffs
Elliot Richardson


**HORWITZ, RICHARDSON & BAKER LLC**

Blake Horwitz, Esq.
Elliot Richardson, Esq.
Sean Baker, Esq.
Erica Faaborg, Esq.
Rachelle Sorg, Esq.
Abbas Merchant, Esq.

**Two First National Plaza**
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

14