**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY AND MICHAEL SPARKS, an Individual, | No. 08 cv 3462 |
| Plaintiffs, | JUDGE MANNING |
| | MAGISTRATE JUDGE BROWN |
| vs. | |
| THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS | |
| Defendants. | |

**MOTION TO AMEND PLAINTIFFS' COMPLAINT, SET A DISCOVERY SCHEDULE AND HOLD PLAINTIFFS' REQUEST FOR A PERMANENT INJUNCTION IN ABEYANCE**

NOW COME the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC, W/C SPI LLC and Michael Sparks, by their attorneys Blake Horwitz, Elliot Richardson, Erica Faaborg, Rachelle Sorg and Abbas Merchant, and hereby move this Honorable Court for leave to amend Plaintiffs' Complaint at Law, to set a discovery schedule, and to hold Plaintiffs' request for a permanent injunction in abeyance while discovery proceeds in this case. In support of said motion, the Plaintiffs state as follows:

1.    The Defendants blockaded Plaintiffs' thirty-four acre apartment complex with

barricades on June 9, 2008.  They established a police checkpoint at the only open entrance into the apartment complex that same day.

2.      The Plaintiffs filed an action against the Defendants seeking immediate injunctive relief.  A Motion for a Temporary Restraining Order was also filed seeking the removal of the barricades and the dismantling of the police checkpoint.

3.      One day prior to the scheduled hearing on the Motion for a Temporary Restraining Order, the Defendants opened the barricaded entrances/exits that provide access to 12 Oaks at Woodfield.  The police checkpoint was also removed prior to the hearing.

4.      The Defendants did not remove all of the barricades from the premises, however. The barricades remain in close proximity to many entrances to 12 Oaks at Woodfield.

5.      Plaintiffs' Motion for a Temporary Restraining Order was scheduled to be heard on June 25, 2008.  On that date, this Honorable Court held that the motion was moot.  This Court subsequently scheduled a briefing schedule on Plaintiffs' oral request for a permanent injunction.

6.      The Plaintiffs seek leave to amend their Complaint against the Defendants. Plaintiffs will amend their Complaint to seek a permanent injunction and for damages. (See Exhibit A).

7.      The Plaintiffs also request that this Honorable Court set a discovery schedule and hold Plaintiffs' request for a permanent injunction in abeyance until such time as sufficient discovery is completed.  Notably, this Honorable Court has also referred this case for a settlement conference.

WHEREFORE the Plaintiffs respectfully request that this Honorable Court grant this motion and enter an order:

a.      Granting the Plaintiffs leave to file their First Amended Complaint;

b.        Setting a discovery schedule in this matter;

c.        Holding Plaintiffs' request for a permanent injunction in abeyance; and

c.        For any further relief this Honorable Court deems fair and just.

Respectfully Submitted,


s/ Blake Horwitz_____
Attorney for the Plaintiffs
Blake Horwitz


s/ Elliot Richardson_____
Attorney for the Plaintiffs
Elliot Richardson


**HORWITZ, RICHARDSON & BAKER LLC**

Blake Horwitz, Esq.
Elliot Richardson, Esq.
Sean Baker, Esq.
Erica Faaborg, Esq.
Rachelle Sorg, Esq.
Abbas Merchant, Esq.

**Two First National Plaza**
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY  COMPANY, W/G LCD, LLC, A  DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY AND MICHAEL SPARKS, an Individual, | No.  08 cv 3462 |
| | JUDGE MANNING |
| Plaintiffs, | MAGISTRATE JUDGE BROWN |
| vs. | |
| THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS | |
| Defendants. | |

## AMENDED COMPLAINT AT LAW

NOW COME the Plaintiffs, W/G KRISTINA 123 LLC, A DELAWARE LIMITED

LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED LIABILITY

COMPANY, W/G SPI LLC, A LIMITED LIABILITY COMPANY and MICHAEL SPARKS,

by their attorneys BLAKE HORWITZ, ELLIOT RICHARDSON, ERICA FAABORG,

RACHELLE SORG, ABBAS MERCHANT and SEAN BAKER, and for their Amended

Complaint At Law against the Defendants, THOMAS MELENA, ROLLING MEADOWS CITY

MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN

ROLLING MEADOWS POLICE OFFICERS, (hereinafter the "Individual Defendants"),  and

the CITY OF ROLLING MEADOWS, state the following:

**JURISDICTION**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**PARTIES**

2.      W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC own an apartment complex commonly known as "12 Oaks at Woodfield" as tenants in common.  The managing member of each of these entities is Michael Sparks.

3.      Thomas Melena is the Rolling Meadows City Manager.  Defendant Melena is sued in his individual capacity.

4.      Steven Williams is the Rolling Meadows police chief.  Defendant Williams is sued in his individual capacity.

5.      Unknown Rolling Meadows Police Officers are employees of the Defendant, the City of Rolling Meadows.

6.      Unknown Rolling Meadows Police Officers are sued in their individual capacity.

7.      The City of Rolling Meadows is a duly incorporated municipal corporation and is the employer and principal of the Individual Defendants as well as the other officers and/or employees referred to in this Complaint.

8.      At all times material to this Complaint, the Individual Defendants were acting under color of state law, ordinance and/or regulation, statutes, customs, and usages of the City of Rolling Meadows.

**FACTS COMMON TO ALL COUNTS**

9.       The 12 Oaks at Woodfield apartment complex is home to many families,

including young children.  Approximately 2000 individuals live at this location.

10.     On or about June 9, 2008, Rolling Meadows police officers took control and dominated the 12 Oaks at Woodfield complex.  Said officers barricaded every entrance into the apartment complex but one, and established a police roadblock at the only remaining entrance onto the premises.  The only method by which inhabitants and/or visitors of the complex were permitted entrance was by passing through a check point wherein police officers would, *inter alia*, interrogate individuals upon entry.

11.     Blocking off entrances to peoples' homes, using cement barricades, and requiring individuals to be subject to police inquiry is unconstitutional. Further, there are no exigent circumstances to justify this intrusion.  Rolling Meadows is not engaged in a war, nor is it fighting imminent criminal activity.  The stated purpose behind this police action is to cause residents to receive a flyer advising them of public meetings, wherein safety concerns attributable to their living quarters (i.e. lock doors at night, do not leave valuables in your car) will be addressed.  Cement barricades and a police monitored entrance are not necessary to distribute flyers.  The flyer distribution scheme is merely a pretext.

12.     Unknown Rolling Meadows Police Officers were stationed at the only permitted entrance/exit of the apartment complex and interrogated occupants/visitors entering the complex, asked personal questions regarding where occupants lived, the duration of their stay, and demanded personal identification.  This was an unwarranted intrusion into the lives of the occupants of 12 Oaks at Woofield.

13.     The Individual Defendants and the City of Rolling Meadows directed the

placement of the barricades restricting access to the 12 Oaks at Woodfield apartment complex. Shortly thereafter, Defendant Melena indicated that the barricades might continue to restrict access to the premises for an indefinite period of time.

14.     The Defendants' conduct caused great upheaval at the 12 Oaks at Woodfield complex.  Residents reported feeling "like prisoners in their own homes."  Further, there was a decrease in new tenant inquiries at the premises after the Defendants blocked the property with barricades.  Indeed, Defendant Williams admitted this police presence intimidated some individuals to the point where they have left the premises.

15.     The Plaintiffs' attorneys filed an action against the Defendants on June 17, 2008. The Plaintiffs' attorneys also filed a Motion for a Temporary Restraining Order.  Specifically, the Plaintiffs' Motion sought an order restricting the Defendants from barricading the twelve access points into 12 Oaks at Woodfield and for the removal of the armed police checkpoint on the premises.

16.     Plaintiffs' Motion for a Temporary Restraining Order was scheduled to be heard on June 25, 2008.

17.     Some time prior to the hearing, the Defendants removed the armed checkpoint at the only accessible entrance into 12 Oaks at Woodfield.

18.     The day before the June 25, 2008 hearing, the Defendants removed some barricades and repositioned others.

19.     The day before the June 25, 2008 hearing, the Defendants repositioned the barricades so that residents and guests could enter and exit the apartment complex through the entrances/exits which had been previously barricaded.

20.     The Defendants, however, strategically left numerous barricades near and/or

4

adjacent to the entrances into 12 Oaks at Woodfield.

21.     The Defendants' barricades remain near and/or adjacent to the entrances of 12 Oaks.

22.     Defendant Melena has also made numerous representations to the press, and consistently insisted, that the barricades may be used again to block access to 12 Oaks at Woodfield.

23.     Defendant Melena has indicated to the press that in the future, the Defendants will likely restrict access to 12 Oaks at Woodfield with the cement barricades that remain near the property. Defendant Melena has indicated his intent to barricade the entrances into 12 Oaks at Woodfield again and advised the press that the legal battle over a permanent injunction will be "fun."

24.     Defendant Melena desires to re-erect the barricades in the same manner as previously situated (a few days prior to the hearing on the Temporary Restraining Order).

25.     Defendant Melena and/or Defendants' agents tendered a document to residents of 12 Oaks at Woodfield, which provided, in essence, that Rolling Meadows sought to erect a gated community around 12 Oaks at Woodfield.

26.     Rolling Meadows is of the position that the installation of the barricades around 12 Oaks at Woodfield is a constitutional act undertaken by the City of Rolling Meadows.

27.     The Defendants' conduct has caused the goodwill associated with 12 Oaks at Woodfield to be substantially diminished.

28.     The Defendants' conduct has caused the 12 Oaks at Woodfield complex, and its residents, to be stigmatized as criminals and delinquents. The complex has been stigmatized as an unsafe place to live.

29.     The Defendants' conduct has caused the Plaintiffs to lose potential renters. It has caused, and will continue to cause, many residents to move out of the apartment complex, thus breaking their rental agreements. The Plaintiffs seek a declaratory judgment holding that the Individual Defendants have violated the Plaintiffs' constitutional rights.

30.     The Plaintiffs seek a declaratory judgment holding that the Rolling Meadows policy, implemented without due process, which consisted of using barricades to block ingress into the 12 Oaks at Woodfield apartment complex, violated the Plaintiffs' constitutional rights.

31.     The Plaintiffs seek injunctive relief against the Defendants, and their attorneys' fees and costs. The Plaintiffs also seek monetary damages against the Defendants to compensate for their loss of business, renters, and goodwill in the 12 Oaks at Woodfield apartment complex.

## Procedural Due Process

32.     The Plaintiffs were not provided notice before the Individual Defendants and the City of Rolling Meadows used barricades to block access to the 12 Oaks at Woodfield apartment complex. The Plaintiffs were not provided notice before said Defendants caused police officers to be stationed at the only open entrance into the apartment complex.

33.     The Plaintiffs were not provided notice that their residents and guests would be stopped, ordered to roll down their windows, and interrogated by police officers. The Plaintiffs' due process rights were infringed upon without proper notice. The Plaintiffs' had the right to receive notice prior to the infringement of their constitutional rights.

34.     The Plaintiffs were not provided a hearing prior to the deprivation of their protected property interest and civil rights.

35.     The Plaintiffs were not afforded a hearing before the Individual Defendants and

the City of Rolling Meadows caused barricades to block access to the 12 Oaks at Woodfield apartment complex.

36.     The Plaintiffs were not afforded a hearing before the Individual Defendants and the City of Rolling Meadows caused police officers to establish a checkpoint at the only entrance that remained open at the apartment complex.

37.     The Plaintiffs were not provided a hearing before their residents and guests were stopped, ordered to roll down their windows, and interrogated by police officers prior to gaining access to Plaintiffs' property.

37.     The Plaintiffs' due process rights were infringed upon without being afforded a hearing.  The Plaintiffs had the right to receive a hearing prior to the infringement of their constitutional rights.


## COUNT I
*(Procedural Due Process Against Thomas Melena)*

38.     The Plaintiffs hereby reinstate and incorporate paragraphs one through thirty-seven of this Complaint as if fully stated in Count I.

39.     The Defendant violated Plaintiffs' procedural due process rights by failing to provide proper notice or a hearing prior to engaging in his unconstitutional conduct.

40.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

41.     Defendant Melena has acted in a manner adverse to Plaintiffs' interest in the property.  Specifically, he directed officers/employees to block residents' (and their guests') access to the apartment complex and created a situation where the only way that residents could

get to their apartments was by traveling through a police checkpoint.  This has had an adverse and detrimental impact on the property.

42.    Defendant Melena has indicated that the Defendants may use the barricades to restrict access to 12 Oaks at Woodfield again, that he will not agree to refrain from this action in the future, fight any effort to obtain a permanent injunction against the use of the barricades or police checkpoint, and relishes the opportunity to make new case law.  Defendant Melena has also refused to remove the cement barricades that remain in close proximity to the property.

43.    There exists an actual controversy between the Plaintiffs and Defendant Melena.

44.    Moreover, Defendant Melena's conduct has caused the Plaintiffs to sustain monetary damages.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.    Declaring that Defendant Melena violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b.    Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.    Permanently enjoining the Defendants from restricting access onto the Plaintiffs' private property without a proper notice and hearing;

d.    Awarding the Plaintiffs compensatory damages and attorney fees; and

e.    Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT II
*(Procedural Due Process Against Chief Steven Williams)*

45.     The Plaintiffs hereby reinstate and incorporate paragraphs one through thirty-seven of this Complaint as if fully stated in Count II.

46.     The Defendant violated the Plaintiffs' due process rights by failing to provide proper notice or a hearing before engaging in his unconstitutional conduct.

47.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

48.     Defendant Williams has acted in a manner adverse to Plaintiffs' interest in the property.  Specifically, he directed officers/employees to block residents' (and their guests') access to the apartment complex and created a situation where the only way that residents could get to their apartments was by traveling through a police checkpoint.  This has had an adverse and detrimental impact on the property.

49.     Defendant Williams has indicated that the Defendants may use the barricades to restrict access to 12 Oaks at Woodfield again, that he will not agree to refrain from this action in the future, and will fight any effort to obtain a permanent injunction against the use of the barricades or police checkpoint.  Defendant Williams has also refused to remove the cement barricades that remain in close proximity to the property.

50.     There exists an actual controversy between the Plaintiffs and Defendant Williams.

51.     Moreover, Defendant Williams' conduct has caused the Plaintiffs to sustain monetary damages.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.     Declaring that Defendant Williams violated the Plaintiffs' Fourteenth Amendment

9

due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b.      Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.      Permanently enjoining the Defendants from restricting access onto Plaintiffs' private property without a proper notice and hearing;

d.      Awarding the Plaintiffs compensatory damages and attorney fees; and

e.      Awarding Plaintiffs any further relief this Honorable Court deems fair and just.

**COUNT III**
*(Procedural Due Process Against Unknown Rolling Meadows Police Officers)*

52.      The Plaintiffs hereby reinstate and incorporate paragraphs one through thirty-seven of this Complaint as if fully stated in Count III.

53.      The Defendant violated Plaintiffs' procedural due process rights by failing to provide proper notice or a hearing prior to engaging in his unconstitutional conduct.

54.      The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

55.      The Unknown Defendant Officers have acted in a manner adverse to Plaintiffs' interest in the property.  Specifically, they have blocked residents' (and their guests') access to the apartment complex and created a situation where the only way that residents could get to their apartments was by traveling through a police checkpoint.  This has had an adverse and detrimental impact on the property.

56.      The Defendants have indicated that these Unknown Defendant Officers may use the barricades to restrict access to 12 Oaks at Woodfield again, that they will not agree to refrain from this action in the future, and will fight any effort to obtain a permanent injunction against

10

the use of the barricades or police checkpoint. The Unknown Defendant Officers have also refused to remove the cement barricades that remain in close proximity to the property.

57. There exists an actual controversy between the Plaintiffs and Unknown Defendant Officers.

58. Moreover, the Unknown Defendant Officers' conduct has caused the Plaintiffs to sustain monetary damages.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.    Declaring that the Unknown Defendant Officers violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b.    Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.    Permanently enjoining the Defendants from restricting access onto Plaintiffs' private property without a proper notice and hearing;

d.    Awarding the Plaintiffs compensatory damages and attorney fees; and

e.    Awarding Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT IV
*(Monell Against The City of Rolling Meadows - Procedural Due Process)*

59. Plaintiffs restate and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth in Count IV of this Complaint.

60. The Defendant violated Plaintiffs' procedural due process rights by failing to provide proper notice or a hearing prior to engaging in his unconstitutional conduct.

61. The Plaintiffs have a tangible legal interest in the property commonly known as

11

the 12 Oaks at Woodfield apartment complex.

62.    The City of Rolling Meadows, by and through their final policy makers, instituted a policy which has had an adverse impact on Plaintiffs' interest in the property.  Specifically, the City of Rolling Meadows blockaded the 12 Oaks at Woodfield apartment complex, blocked residents' (and their guests') access to the apartment complex, and created a checkpoint at the only open entrance into the apartment complex.

63.    Under the guise of providing safety instruction, the City of Rolling Meadows turned the 12 Oaks at Woodfield apartment complex into a virtual police state.  This has had an adverse and detrimental impact on the property.

64.    Since the filing of Plaintiffs' Motion for a Temporary Restraining Order, the City of Rolling Meadows has removed some barriers and repositioned others in a manner which allows residents, guests and prospective tenants access to the apartment complex through the previously barricaded entrances/exits.

65.    Many barricades, however, remain in close proximity to those entrances/exits.

66.    The City of Rolling Meadows, by and through its agents, has also made clear that it intends to restrict access to the apartment complex by using barricades in the future.

67.    The City of Rolling Meadows has also stated that it will not enter into any agreements wherein the Defendant agrees that the barricades will not be used to blockade the apartment complex in the future.

68.    There exists an actual controversy between the Plaintiffs and the City of Rolling Meadows.

69.    Moreover, Rolling Meadows conduct has caused the Plaintiffs to sustain monetary damages.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.      Declaring that the Unknown Defendants violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b.      Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.      Permanently enjoining the Defendants from restricting access onto Plaintiffs' private property without a proper notice and hearing;

d.      Awarding the Plaintiffs compensatory damages and attorney fees; and

e.      Awarding Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT V
*(Substantive Due Process Against Tom Melena)*

70.      Plaintiffs restate and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth in Count V of this Complaint.

71.      The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

72.      The action taken by Defendant Melena was arbitrary and capricious, thereby depriving Plaintiffs of their property interest.

73.      Defendant Melena did not provide Plaintiffs with any state law remedies before depriving Plaintiffs of their property interest.

74.      There exits an actual controversy between the parties at the present time.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.      Permanently enjoining the Defendant from positioning barricades and creating police checkpoints which infringe upon the Plaintiffs' constitutional rights;

b.      Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.      Declaring that blockading Plaintiffs' property, restricting access to and from the property, and creating police checkpoints at the property violate the Plaintiffs' Fourteenth Amendment substantive due process rights;

d.      Awarding the Plaintiffs their attorneys' fees and costs;

e.      Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT VI
*(Substantive Due Process Against Chief Steven Williams)*

75.     Plaintiffs restate and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth in Count VI of this Complaint.

76.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

77.     The action taken by Defendant Williams was arbitrary and capricious, thereby depriving Plaintiffs' of their property interest.

78.     Defendant Williams did not provide Plaintiffs with any state law remedies before depriving Plaintiffs of their property interest.

79.     There exits an actual controversy between the parties at the present time.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.       Permanently enjoining the Defendant from positioning barricades and creating police checkpoints which infringe upon the Plaintiffs' constitutional rights;

b.       Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs motion for a temporary restraining order;

c.       Declaring that blockading Plaintiffs' property, restricting access to and from the property, and creating police checkpoints at the property violate the Plaintiffs' Fourteenth Amendment substantive due process rights;

d.       Awarding the Plaintiffs their attorneys' fees and costs;

e.       Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT VII
*(Substantive Due Process Against Unknown Officers)*

80.       Plaintiffs restate and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth in Count VII of this Complaint.

81.       The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

82.       The action taken by the Unknown Defendant Officers was arbitrary and capricious, thereby depriving Plaintiffs' of their property interest.

83.       The Unknown Defendant Officers did not provide Plaintiffs with any state law remedies before depriving Plaintiffs of their property interest.

84.       There exits an actual controversy between the parties at the present time.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

15

a.      Permanently enjoining the Defendants from positioning barricades and creating police checkpoints which infringe upon the Plaintiffs' constitutional rights;

b.      Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.      Declaring that blockading Plaintiffs' property, restricting access to and from the property, and creating police checkpoints at the property violate the Plaintiff's Fourteenth Amendment substantive due process rights;

d.      Awarding the Plaintiffs their attorneys' fees and costs;

e.      Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT VIII
*(Substantive Due Process Against of Rolling Meadows – Monell)*

85.    Plaintiffs restate and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth in Count VIII of this Complaint.

86.    The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

87.    The action taken by The City of Rolling Meadows, by and through its final policy makers, was arbitrary and capricious, thereby depriving Plaintiffs of their property interest.

88.    The City of Rolling Meadows did not provide Plaintiffs with any state law remedies before depriving Plaintiffs of their property interest

89.    There exits an actual controversy between the parties at the present time.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

16

a.      Permanently enjoining the Defendant from positioning barricades and creating police checkpoints which infringe upon the Plaintiffs' constitutional rights;

b.      Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.      Declaring that blockading Plaintiffs' property, restricting access to and from the property, and creating police checkpoints at the property violate the Plaintiff's Fourteenth Amendment substantive due process rights;

d.      Awarding the Plaintiffs their attorneys' fees and costs;

e.      Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT IX
*(745 ILCS 10/9-102 Claim Against the City of Rolling Meadows)*

90.     Plaintiffs restate and incorporate paragraphs one through eighty-nine of this Complaint as if fully set forth in Count IX of this Complaint.

91.     The Defendant City of Rolling Meadows is the employer of the Individual Defendants as alleged above.

92.     The Individual Defendants, as alleged above, committed the acts under color of law and in the scope of employment of the City of Rolling Meadows.

WHEREFORE, should the Individual Defendants be found liable for any of the alleged counts in this cause, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the City of Rolling Meadows pay Plaintiffs any judgment obtained against the Individual Defendants as a result of this Complaint.

<u>**COUNT X**</u>
*(Supplementary Claim for Respondeat Superior)*

93.     Plaintiffs restate and incorporate paragraphs one through ninety-two of this Complaint as if fully set forth in Count X of this Complaint.

94.     The aforesaid acts of the Individual Defendants were in the scope of employment and therefore the Defendant City of Rolling Meadows as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the Individual Defendants be found liable for any state claims alleged herein, Plaintiffs demand judgment against the City of Rolling Meadows and such other additional relief, as this Court deems equitable and just.

Respectfully Submitted,


s/ Blake Horwitz
Attorney for the Plaintiffs
Blake Horwitz

s/ Elliot Richardson
Attorney for the Plaintiffs
Elliot Richardson


**HORWITZ, RICHARDSON & BAKER LLC**
Blake Horwitz, Esq.
Elliot Richardson, Esq.
Sean Baker, Esq.
Erica Faaborg, Esq.
Rachelle Sorg, Esq.
Abbas Merchant, Esq.

**Two First National Plaza**
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076