**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY  COMPANY, W/G LCD, LLC,  A  DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY  AND MICHAEL SPARKS, an Individual,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS<br><br>　　　　Defendants. | No.  08 cv 3462<br><br>JUDGE MANNING<br><br>MAGISTRATE JUDGE BROWN |

**AMENDED MOTION FOR LEAVE TO AMEND**
**PLAINTIFFS' COMPLAINT**

NOW COME the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC, W/C SPI LLC and

Michael Sparks, by their attorneys Blake Horwitz, Elliot Richardson, Erica Faaborg, Rachelle

Sorg and Abbas Merchant, and hereby move this Honorable Court for leave to amend Plaintiffs'

Complaint at Law.  In support of said Motion, the Plaintiffs state as follows:

1.　　　　On June 9, 2008, the Defendants blockaded Plaintiffs' thirty-four acre apartment

complex, known as "12 Oaks at Woodfield."

2.　　　　That same day, the Defendants set up barricades at every entrance/exit at

the community, and placed a police checkpoint at the one open entrance.

3.　　　　The Plaintiffs filed their original Complaint on June 17, 2008.  On June

20, 2008, the Plaintiffs filed a Motion for a Temporary Restraining Order, seeking the removal of the barricades and the police checkpoint.

4.     The day before the hearing on the Motion for a Temporary Restraining Order, the Defendants repositioned their barricades.  The police checkpoint was also removed.

5.     Although the entrances/exits are now opened, the Defendants did not fully remove the barricades.  As of the date of filing this Motion, large cement barricades (designed for intimidation) still remain in close proximity to the entrances and exits at the complex.

6.     The Plaintiffs seek to amend their Complaint to add new facts and damage theories.  (Exhibit A, Amended Complaint at Law).

7.     Rule 15 of the Federal Rules of Civil Procedure states that leave to file an amended pleading "shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a); s*ee also U.S. v. Hougam*, 364 U.S. 310, 316-17 (1960); *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).  Clearly, the central issue that arises in the filing of an amended complaint is prejudice. "As [the Seventh Circuit Courts] have noted many times, the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Id.*  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Williams v. United States*, 405 F.2d 234 (5th Cir. 1968); *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152 (2d Cir. 1968).

8.     Granting leave to file Plaintiffs' Amended Complaint would not prejudice the Defendants and is consistent with the principles of justice.  At present, the parties have not participated in discovery (as of the date of filing this Motion, the parties have not even set a

discovery schedule). Further, the parties have only appeared once before this Honorable Court.

There are three central amendments that the Plaintiffs seek:

- To allege that they have suffered significant damages as a result of the Defendants' wrongful conduct, *inter alia*, diminution in goodwill lost in revenue;

- To seek a permanent injunction prohibiting the replacement of the barricades; and

- To allege factual information regarding the Defendants intent to re-erect the barriers on 12 Oaks at Woodfield.

9.    With regards to the amended allegations, Plaintiffs seek to submit the following changes:

- Admissions the Defendants Melena, Williams, and the City of Rolling Meadows made to the press. (Exhibit A, ¶¶13-14, 22-24, 26). In Plaintiffs' original Complaint, these admissions were not included. (Exhibit B, Plaintiffs' Complaint at Law).

- Information regarding the Defendants' actions leading up to the day of the hearing, *inter alia*, repositioning the barricades, removing the police checkpoint, handing out flyers to residents informing them of the Defendants' desires to erect a gated community at 12 Oaks at Woodfield. (Exhibit A, ¶¶ 17-21, 25, 65-66). In Plaintiffs' original Complaint, Plaintiffs did not have any information related to Defendants moving the barricades, removing the police checkpoint, or giving residents flyers regarding the Defendants' intent to erect a gated community. (Exhibit B, Plaintiffs' Complaint at Law).

- Information regarding the harm that the Plaintiffs have suffered as a result of the Defendants' wrongful conduct, including diminished goodwill associated with the property, stigmatization of the residents and community, and a loss of revenue. (Exhibit A, ¶¶ 27-29). In Plaintiffs' original Complaint, Plaintiffs did not allege that their goodwill was diminished, that the residents and community were stigmatized, or that the Plaintiffs had lost revenue. (Exhibit B, Plaintiffs' Complaint at Law).

- Requests for new forms of relief, including, attorneys' fees and costs incurred from the Plaintiffs' Motion for a Temporary Restraining Order, a permanent injunction restricting the Defendants' access to the Plaintiffs' property and enjoining the Defendants from placing

barricades on the Plaintiffs' property, a declaration that the Defendants violated the Plaintiffs' Substantive Due Process rights, and an award of compensatory damages and attorneys fees. (Exhibit A, Counts I to VIII, Prayer for Relief). In Plaintiffs' original Complaint, Plaintiffs only prayed that this Court would declare the Defendants violated their Fourteenth Amendment procedural and substantive due process rights, and award Plaintiffs their attorneys' fees and costs. (Exhibit B, Plaintiffs' Complaint at Law).

10.     Specifically, the Plaintiffs have added and/or revised the below-stated allegations in their Amended Complaint, as follows:

## FACTS COMMON TO ALL COUNTS

- W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC own an apartment complex commonly known as "12 Oaks at Woodfield" as tenants in common. The managing member of each of these entities is Michael          Sparks.          (Exhibit          A,          ¶          2).

- On or about June 9, 2008, Rolling Meadows police officers took control and dominated the 12 Oaks at Woodfield complex. Said officers barricaded every entrance into the apartment complex but one, and established a police roadblock at the only remaining entrance onto the premises. The only method by which inhabitants and/or visitors of the complex were permitted entrance was by passing through a check point wherein police officers would, *inter alia*, interrogate individuals upon entry. (Exhibit A, ¶ 10).

- Unknown Rolling Meadows Police Officers were stationed at the only permitted entrance/exit of the apartment complex and interrogated occupants/visitors entering the complex, asked personal questions regarding where occupants lived, the duration of their stay, and demanded personal identification. This was an unwarranted intrusion into the lives of the occupants of 12 Oaks at Woofield. (Exhibit A, ¶ 12).

- The Individual Defendants and the City of Rolling Meadows directed the placement of the barricades restricting access to the 12 Oaks at Woodfield apartment complex. Shortly thereafter, Defendant Melena indicated that the barricades might continue to restrict access to the premises for an indefinite period of time. (Exhibit A, ¶ 13).

- The Defendants' conduct caused great upheaval at the 12 Oaks at Woodfield complex. Residents reported feeling "like prisoners in their

own homes." Further, there was a decrease in new tenant inquiries at the premises after the Defendants blocked the property with barricades. Indeed, Defendant Williams admitted this police presence intimidated some individuals to the point where they have left the premises.
(Exhibit A, ¶ 14).

- The Plaintiffs' attorneys filed an action against the Defendants on June 17, 2008. The Plaintiffs' attorneys also filed a Motion for a Temporary Restraining Order. Specifically, the Plaintiffs' Motion sought an order restricting the Defendants from barricading the twelve access points into 12 Oaks at Woodfield and for the removal of the armed police checkpoint on the premises. (Exhibit A, ¶ 15).

- Plaintiffs' Motion for a Temporary Restraining Order was scheduled to be heard on June 25, 2008. (Exhibit A, ¶ 16).

- Some time prior to the hearing, the Defendants removed the armed checkpoint at the only accessible entrance into 12 Oaks at Woodfield. (Exhibit A, ¶ 17).

- The day before the June 25, 2008 hearing, the Defendants removed some barricades and repositioned others. (Exhibit A, ¶ 18).

- The day before the June 25, 2008 hearing, the Defendants repositioned the barricades so that residents and guests could enter and exit the apartment complex through the entrances/exits which had been previously barricaded. (Exhibit A, ¶ 19).

- The Defendants, however, strategically left numerous barricades near and/or adjacent to the entrances into 12 Oaks at Woodfield. (Exhibit A, ¶ 20).

- The Defendants' barricades remain near and/or adjacent to the entrances of 12 Oaks. (Exhibit A, ¶ 21).

- Defendant Melena has also made numerous representations to the press, and consistently insisted, that the barricades may be used again to block access to 12 Oaks at Woodfield. (Exhibit A, ¶ 22).

- Defendant Melena has indicated to the press that in the future, the Defendants will likely restrict access to 12 Oaks at Woodfield with the

cement barricades that remain near the property. Defendant Melena has indicated his intent to barricade the entrances into 12 Oaks at Woodfield again and advised the press that the legal battle over a permanent
injunction will be "fun."  (Exhibit A, ¶ 23).

- Defendant Melena desires to re-erect the barricades in the same manner as previously situated (a few days prior to the hearing on the Temporary Restraining Order).  (Exhibit A, ¶ 24).

- Defendant Melena and/or Defendants' agents tendered a document to residents of 12 Oaks at Woodfield, which provided, in essence, that Rolling Meadows sought to erect a gated community around 12 Oaks at Woodfield.  (Exhibit A, ¶ 25).

- Rolling Meadows is of the position that the installation of the barricades around 12 Oaks at Woodfield is a constitutional act undertaken by the City of Rolling Meadows. (Exhibit A, ¶ 26).

- The Defendants' conduct has caused the goodwill associated with 12 Oaks at Woodfield to be substantially diminished. (Exhibit A, ¶ 27).

- The Defendants' conduct has caused the 12 Oaks at Woodfield complex, and its residents, to be stigmatized as criminals and delinquents.  The complex has been stigmatized as an unsafe place to live.  (Exhibit A, ¶ 28).

- The Defendants' conduct has caused the Plaintiffs to lose potential renters.  It has caused, and will continue to cause, many residents to move out of the apartment complex, thus breaking their rental agreements.  The Plaintiffs seek a declaratory judgment holding that the Individual Defendants have violated the Plaintiffs' constitutional rights.  (Exhibit A, ¶ 29).

- The Plaintiffs seek a declaratory judgment holding that the Rolling Meadows policy, implemented without due process, which consisted of using barricades to block ingress into the 12 Oaks at Woodfield apartment complex, violated the Plaintiffs' constitutional rights.  (Exhibit A, ¶ 30).

- The Plaintiffs seek injunctive relief against the Defendants, and their attorneys' fees and costs.  The Plaintiffs also seek monetary damages

against the Defendants to compensate for their loss of business, renters, and goodwill in the 12 Oaks at
Woodfield apartment complex.  (Exhibit A, ¶ 31).

## COUNT I

- The Defendant violated Plaintiffs' procedural due process rights by failing to provide proper notice or a hearing prior to engaging in his unconstitutional conduct.  (Exhibit A,
  ¶ 40).

- Defendant Melena has indicated that the Defendants may use the barricades to restrict access to 12 Oaks at Woodfield again, that he will not agree to refrain from this action in the future, fight any effort to obtain a permanent injunction against the use of the barricades or police checkpoint, and relishes the opportunity to make new case law. Defendant Melena has also refused to remove the cement barricades that remain in close
  proximity to the property.  (Exhibit A, ¶ 43).

- Moreover, Defendant Melena's conduct has caused the Plaintiffs to sustain  monetary  damages.   (Exhibit  A,  ¶  45).

## COUNT II

- The Defendant violated the Plaintiffs' due process rights by failing to provide proper notice or a hearing before engaging in
  his unconstitutional conduct.  (Exhibit A, ¶ 47).

- Defendant Williams has indicated that the Defendants may use the barricades to restrict access to 12 Oaks at Woodfield again, that he will not agree to refrain from this action in the future, and will fight any effort to obtain a permanent injunction against the use of the barricades or police checkpoint.  Defendant Williams has also refused to remove the cement barricades that remain in close proximity to the property.
  (Exhibit A, ¶ 50).

- Moreover, Defendant Williams' conduct has caused the Plaintiffs to sustain  monetary  damages.   (Exhibit  A,  ¶  52).

## COUNT III

- The Defendant violated Plaintiffs' procedural due process rights by failing to provide proper notice or a hearing prior to engaging in his

unconstitutional        conduct.        (Exhibit      A,      ¶      54).

- The Defendants have indicated that these Unknown Defendant Officers may use the barricades to restrict access to 12 Oaks at Woodfield again, that they will not agree to refrain from this action in the future, and will fight any effort to obtain a permanent injunction against the use of the barricades or police checkpoint. The Unknown Defendant Officers have also refused to remove the cement barricades that remain in close

proximity to the property. (Exhibit A, ¶ 57).

- Moreover, the Unknown Defendant Officers' conduct has caused the Plaintiffs to sustain monetary damages. (Exhibit A,

¶ 59).

## COUNT IV

- The Defendant violated Plaintiffs' procedural due process rights by failing to provide proper notice or a hearing prior to engaging in his unconstitutional        conduct.        (Exhibit      A,      ¶      61).

- Since the filing of Plaintiffs' Motion for a Temporary Restraining Order, the City of Rolling Meadows has removed some barriers and repositioned others in a manner which allows residents, guests and prospective tenants access to the apartment complex through the previously barricaded

entrances/exits. (Exhibit A, ¶ 65).

- Many barricades, however, remain in close proximity to those entrances/exits. (Exhibit A, ¶ 66).

- The City of Rolling Meadows, by and through its agents, has also made clear that it intends to restrict access to the apartment complex by using barricades in the future. (Exhibit

A, ¶ 67).

- The City of Rolling Meadows has also stated that it will not enter into any agreements wherein the Defendant agrees that the barricades will not be used to blockade the apartment

complex in the future. (Exhibit A, ¶ 68).

- Moreover, Rolling Meadows conduct has caused the Plaintiffs to sustain monetary damages. (Exhibit A, ¶ 70).

## COUNT V

- There exits an actual controversy between the parties at the present time. (Exhibit A, ¶ 75).

## **COUNT VI**

- There exits an actual controversy between the parties at the present time. (Exhibit A, ¶ 80).

## **COUNT VII**

- There exits an actual controversy between the parties at the present time. (Exhibit A, ¶85).

## **COUNT VIII**

- There exits an actual controversy between the parties at the present time. (Exhibit A, ¶ 90).

11.     Additionally, the Plaintiffs have made a total of 13 clerical (non-substantive) changes.  They exist in paragraphs 8, 42, 49, 56, 63, 73, 78, 83, 88, 91, and 94.  The Plaintiffs have also deleted duplicate paragraph numbers at paragraphs 2 and 38.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court grant this Motion for Leave to File an Amended Complaint.

Respectfully Submitted,


s/ Blake Horwitz
Attorney for the Plaintiffs
Blake Horwitz


s/ Elliot Richardson
Attorney for the Plaintiffs
Elliot Richardson


**HORWITZ, RICHARDSON & BAKER LLC**

Blake Horwitz, Esq.
Elliot Richardson, Esq.
Sean Baker, Esq.
Erica Faaborg, Esq.
Rachelle Sorg, Esq.
Abbas Merchant, Esq.

**Two First National Plaza**
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY  COMPANY, W/G LCD, LLC, A  DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY AND MICHAEL SPARKS, an Individual, | No.  08 cv 3462 |
| | JUDGE MANNING |
| Plaintiffs, | MAGISTRATE JUDGE BROWN |
| vs. | |
| THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS | |
| Defendants. | |

## AMENDED COMPLAINT AT LAW

NOW COME the Plaintiffs, W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A LIMITED LIABILITY COMPANY and MICHAEL SPARKS, by their attorneys BLAKE HORWITZ, ELLIOT RICHARDSON, ERICA FAABORG, RACHELLE SORG, ABBAS MERCHANT and SEAN BAKER, and for their Amended Complaint At Law against the Defendants, THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS, (hereinafter the "Individual Defendants"),  and the CITY OF ROLLING MEADOWS, state the following:

1

**JURISDICTION**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42

U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United

States; and this Court's supplementary jurisdiction powers.

**PARTIES**

2.      W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC own an apartment

complex commonly known as "12 Oaks at Woodfield" as tenants in common.  The managing

member of each of these entities is Michael Sparks.

3.      Thomas Melena is the Rolling Meadows City Manager.  Defendant Melena is

sued in his individual capacity.

4.      Steven Williams is the Rolling Meadows police chief.  Defendant Williams is

sued in his individual capacity.

5.      Unknown Rolling Meadows Police Officers are employees of the Defendant, the

City of Rolling Meadows.

6.      Unknown Rolling Meadows Police Officers are sued in their individual capacity.

7.      The City of Rolling Meadows is a duly incorporated municipal corporation and is

the employer and principal of the Individual Defendants as well as the other officers and/or

employees referred to in this Complaint.

8.      At all times material to this Complaint, the Individual Defendants were acting

under color of state law, ordinance and/or regulation, statutes, customs, and usages of the City of

Rolling Meadows.

**FACTS COMMON TO ALL COUNTS**

9.       The 12 Oaks at Woodfield apartment complex is home to many families,

including young children.  Approximately 2000 individuals live at this location.

10.     On or about June 9, 2008, Rolling Meadows police officers took control and dominated the 12 Oaks at Woodfield complex.  Said officers barricaded every entrance into the apartment complex but one, and established a police roadblock at the only remaining entrance onto the premises.  The only method by which inhabitants and/or visitors of the complex were permitted entrance was by passing through a check point wherein police officers would, *inter alia*, interrogate individuals upon entry.

11.     Blocking off entrances to peoples' homes, using cement barricades, and requiring individuals to be subject to police inquiry is unconstitutional. Further, there are no exigent circumstances to justify this intrusion.  Rolling Meadows is not engaged in a war, nor is it fighting imminent criminal activity.  The stated purpose behind this police action is to cause residents to receive a flyer advising them of public meetings, wherein safety concerns attributable to their living quarters (i.e. lock doors at night, do not leave valuables in your car) will be addressed.  Cement barricades and a police monitored entrance are not necessary to distribute flyers.  The flyer distribution scheme is merely a pretext.

12.     Unknown Rolling Meadows Police Officers were stationed at the only permitted entrance/exit of the apartment complex and interrogated occupants/visitors entering the complex, asked personal questions regarding where occupants lived, the duration of their stay, and demanded personal identification.  This was an unwarranted intrusion into the lives of the occupants of 12 Oaks at Woofield.

13.     The Individual Defendants and the City of Rolling Meadows directed the

placement of the barricades restricting access to the 12 Oaks at Woodfield apartment complex. Shortly thereafter, Defendant Melena indicated that the barricades might continue to restrict access to the premises for an indefinite period of time.

14.　　The Defendants' conduct caused great upheaval at the 12 Oaks at Woodfield complex.　Residents reported feeling "like prisoners in their own homes."　Further, there was a decrease in new tenant inquiries at the premises after the Defendants blocked the property with barricades.　Indeed, Defendant Williams admitted this police presence intimidated some individuals to the point where they have left the premises.

15.　　The Plaintiffs' attorneys filed an action against the Defendants on June 17, 2008. The Plaintiffs' attorneys also filed a Motion for a Temporary Restraining Order.　Specifically, the Plaintiffs' Motion sought an order restricting the Defendants from barricading the twelve access points into 12 Oaks at Woodfield and for the removal of the armed police checkpoint on the premises.

16.　　Plaintiffs' Motion for a Temporary Restraining Order was scheduled to be heard on June 25, 2008.

17.　　Some time prior to the hearing, the Defendants removed the armed checkpoint at the only accessible entrance into 12 Oaks at Woodfield.

18.　　The day before the June 25, 2008 hearing, the Defendants removed some barricades and repositioned others.

19.　　The day before the June 25, 2008 hearing, the Defendants repositioned the barricades so that residents and guests could enter and exit the apartment complex through the entrances/exits which had been previously barricaded.

20.　　The Defendants, however, strategically left numerous barricades near and/or

adjacent to the entrances into 12 Oaks at Woodfield.

21.    The Defendants' barricades remain near and/or adjacent to the entrances of 12 Oaks.

22.    Defendant Melena has also made numerous representations to the press, and consistently insisted, that the barricades may be used again to block access to 12 Oaks at Woodfield.

23.    Defendant Melena has indicated to the press that in the future, the Defendants will likely restrict access to 12 Oaks at Woodfield with the cement barricades that remain near the property. Defendant Melena has indicated his intent to barricade the entrances into 12 Oaks at Woodfield again and advised the press that the legal battle over a permanent injunction will be "fun."

24.    Defendant Melena desires to re-erect the barricades in the same manner as previously situated (a few days prior to the hearing on the Temporary Restraining Order).

25.    Defendant Melena and/or Defendants' agents tendered a document to residents of 12 Oaks at Woodfield, which provided, in essence, that Rolling Meadows sought to erect a gated community around 12 Oaks at Woodfield.

26.    Rolling Meadows is of the position that the installation of the barricades around 12 Oaks at Woodfield is a constitutional act undertaken by the City of Rolling Meadows.

27.    The Defendants' conduct has caused the goodwill associated with 12 Oaks at Woodfield to be substantially diminished.

28.    The Defendants' conduct has caused the 12 Oaks at Woodfield complex, and its residents, to be stigmatized as criminals and delinquents.  The complex has been stigmatized as an unsafe place to live.

29.     The Defendants' conduct has caused the Plaintiffs to lose potential renters.  It has caused, and will continue to cause, many residents to move out of the apartment complex, thus breaking their rental agreements.  The Plaintiffs seek a declaratory judgment holding that the Individual Defendants have violated the Plaintiffs' constitutional rights.

30.     The Plaintiffs seek a declaratory judgment holding that the Rolling Meadows policy, implemented without due process, which consisted of using barricades to block ingress into the 12 Oaks at Woodfield apartment complex, violated the Plaintiffs' constitutional rights.

31.     The Plaintiffs seek injunctive relief against the Defendants, and their attorneys' fees and costs.  The Plaintiffs also seek monetary damages against the Defendants to compensate for their loss of business, renters, and goodwill in the 12 Oaks at Woodfield apartment complex.

### Procedural Due Process

32.     The Plaintiffs were not provided notice before the Individual Defendants and the City of Rolling Meadows used barricades to block access to the 12 Oaks at Woodfield apartment complex.  The Plaintiffs were not provided notice before said Defendants caused police officers to be stationed at the only open entrance into the apartment complex.

33.     The Plaintiffs were not provided notice that their residents and guests would be stopped, ordered to roll down their windows, and interrogated by police officers.  The Plaintiffs' due process rights were infringed upon without proper notice.  The Plaintiffs' had the right to receive notice prior to the infringement of their constitutional rights.

34.     The Plaintiffs were not provided a hearing prior to the deprivation of their protected property interest and civil rights.

35.     The Plaintiffs were not afforded a hearing before the Individual Defendants and

the City of Rolling Meadows caused barricades to block access to the 12 Oaks at Woodfield apartment complex.

36.     The Plaintiffs were not afforded a hearing before the Individual Defendants and the City of Rolling Meadows caused police officers to establish a checkpoint at the only entrance that remained open at the apartment complex.

37.     The Plaintiffs were not provided a hearing before their residents and guests were stopped, ordered to roll down their windows, and interrogated by police officers prior to gaining access to Plaintiffs' property.

38.     The Plaintiffs' due process rights were infringed upon without being afforded a hearing.   The Plaintiffs had the right to receive a hearing prior to the infringement of their constitutional rights.


## COUNT I
*(Procedural Due Process Against Thomas Melena)*

39.     The Plaintiffs hereby reinstate and incorporate paragraphs one through thirty-eight of this Complaint as if fully stated in Count I.

40.     The Defendant violated Plaintiffs' procedural due process rights by failing to provide proper notice or a hearing prior to engaging in his unconstitutional conduct.

41.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

42.     Defendant Melena has acted in a manner adverse to Plaintiffs' interest in the property.   Specifically, he directed officers/employees to block residents' (and their guests') access to the apartment complex and created a situation where the only way that residents could

get to their apartments was by traveling through a police checkpoint. This has had an adverse and detrimental impact on the property.

43.    Defendant Melena has indicated that the Defendants may use the barricades to restrict access to 12 Oaks at Woodfield again, that he will not agree to refrain from this action in the future, fight any effort to obtain a permanent injunction against the use of the barricades or police checkpoint, and relishes the opportunity to make new case law. Defendant Melena has also refused to remove the cement barricades that remain in close proximity to the property.

44.    There exists an actual controversy between the Plaintiffs and Defendant Melena.

45.    Moreover, Defendant Melena's conduct has caused the Plaintiffs to sustain monetary damages.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.    Declaring that Defendant Melena violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b.    Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.    Permanently enjoining the Defendants from restricting access onto the Plaintiffs' private property without a proper notice and hearing;

d.    Awarding the Plaintiffs compensatory damages and attorney fees; and

e.    Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT II
### *(Procedural Due Process Against Chief Steven Williams)*

46.     The Plaintiffs hereby reinstate and incorporate paragraphs one through thirty-eight of this Complaint as if fully stated in Count II.

47.     The Defendant violated the Plaintiffs' due process rights by failing to provide proper notice or a hearing before engaging in his unconstitutional conduct.

48.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

49.     Defendant Williams has acted in a manner adverse to Plaintiffs' interest in the property.  Specifically, he directed officers/employees to block residents' (and their guests') access to the apartment complex and created a situation where the only way that residents could get to their apartments was by traveling through a police checkpoint.  This has had an adverse and detrimental impact on the property.

50.     Defendant Williams has indicated that the Defendants may use the barricades to restrict access to 12 Oaks at Woodfield again, that he will not agree to refrain from this action in the future, and will fight any effort to obtain a permanent injunction against the use of the barricades or police checkpoint.  Defendant Williams has also refused to remove the cement barricades that remain in close proximity to the property.

51.     There exists an actual controversy between the Plaintiffs and Defendant Williams.

52.     Moreover, Defendant Williams' conduct has caused the Plaintiffs to sustain monetary damages.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.     Declaring that Defendant Williams violated the Plaintiffs' Fourteenth Amendment

due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

      b.     Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

      c.     Permanently enjoining the Defendants from restricting access onto Plaintiffs' private property without a proper notice and hearing;

      d.     Awarding the Plaintiffs compensatory damages and attorney fees; and

      e.     Awarding Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT III
*(Procedural Due Process Against Unknown Rolling Meadows Police Officers)*

53.     The Plaintiffs hereby reinstate and incorporate paragraphs one through thirty-eight of this Complaint as if fully stated in Count III.

54.     The Defendant violated Plaintiffs' procedural due process rights by failing to provide proper notice or a hearing prior to engaging in his unconstitutional conduct.

55.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

56.     The Unknown Defendant Officers have acted in a manner adverse to Plaintiffs' interest in the property.  Specifically, they have blocked residents' (and their guests') access to the apartment complex and created a situation where the only way that residents could get to their apartments was by traveling through a police checkpoint.  This has had an adverse and detrimental impact on the property.

57.     The Defendants have indicated that these Unknown Defendant Officers may use the barricades to restrict access to 12 Oaks at Woodfield again, that they will not agree to refrain from this action in the future, and will fight any effort to obtain a permanent injunction against

the use of the barricades or police checkpoint. The Unknown Defendant Officers have also refused to remove the cement barricades that remain in close proximity to the property.

58.    There exists an actual controversy between the Plaintiffs and Unknown Defendant Officers.

59.    Moreover, the Unknown Defendant Officers' conduct has caused the Plaintiffs to sustain monetary damages.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.    Declaring that the Unknown Defendant Officers violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b.    Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.    Permanently enjoining the Defendants from restricting access onto Plaintiffs' private property without a proper notice and hearing;

d.    Awarding the Plaintiffs compensatory damages and attorney fees; and

e.    Awarding Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT IV
### *(Monell Against The City of Rolling Meadows - Procedural Due Process)*

60.    Plaintiffs restate and incorporate paragraphs one through thirty-eight of this Complaint as if fully set forth in Count IV of this Complaint.

61.    The Defendant violated Plaintiffs' procedural due process rights by failing to provide proper notice or a hearing prior to engaging in his unconstitutional conduct.

62.    The Plaintiffs have a tangible legal interest in the property commonly known as

the 12 Oaks at Woodfield apartment complex.

63.    The City of Rolling Meadows, by and through their final policy makers, instituted a policy which has had an adverse impact on Plaintiffs' interest in the property.  Specifically, the City of Rolling Meadows blockaded the 12 Oaks at Woodfield apartment complex, blocked residents' (and their guests') access to the apartment complex, and created a checkpoint at the only open entrance into the apartment complex.

64.    Under the guise of providing safety instruction, the City of Rolling Meadows turned the 12 Oaks at Woodfield apartment complex into a virtual police state.  This has had an adverse and detrimental impact on the property.

65.    Since the filing of Plaintiffs' Motion for a Temporary Restraining Order, the City of Rolling Meadows has removed some barriers and repositioned others in a manner which allows residents, guests and prospective tenants access to the apartment complex through the previously barricaded entrances/exits.

66.    Many barricades, however, remain in close proximity to those entrances/exits.

67.    The City of Rolling Meadows, by and through its agents, has also made clear that it intends to restrict access to the apartment complex by using barricades in the future.

68.    The City of Rolling Meadows has also stated that it will not enter into any agreements wherein the Defendant agrees that the barricades will not be used to blockade the apartment complex in the future.

69.    There exists an actual controversy between the Plaintiffs and the City of Rolling Meadows.

70.    Moreover, Rolling Meadows conduct has caused the Plaintiffs to sustain monetary damages.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.    Declaring that the City of Rolling Meadows violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b.    Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.    Permanently enjoining the Defendants from restricting access onto Plaintiffs' private property without a proper notice and hearing;

d.    Awarding the Plaintiffs compensatory damages and attorney fees; and

e.    Awarding Plaintiffs any further relief this Honorable Court deems fair and just.

### COUNT V
*(Substantive Due Process Against Tom Melena)*

71.    Plaintiffs restate and incorporate paragraphs one through thirty-eight of this Complaint as if fully set forth in Count V of this Complaint.

72.    The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

73.    The action taken by Defendant Melena was arbitrary and capricious, thereby depriving Plaintiffs of their property interest.

74.    Defendant Melena did not provide Plaintiffs with any state law remedies before depriving Plaintiffs of their property interest.

75.    There exits an actual controversy between the parties at the present time.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.    Permanently enjoining the Defendant from positioning barricades and creating police checkpoints which infringe upon the Plaintiffs' constitutional rights;

b.    Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.    Declaring that blockading Plaintiffs' property, restricting access to and from the property, and creating police checkpoints at the property violate the Plaintiffs' Fourteenth Amendment substantive due process rights;

d.    Awarding the Plaintiffs their attorneys' fees and costs;

e.    Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT VI
### *(Substantive Due Process Against Chief Steven Williams)*

76.    Plaintiffs restate and incorporate paragraphs one through thirty-eight of this Complaint as if fully set forth in Count VI of this Complaint.

77.    The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

78.    The action taken by Defendant Williams was arbitrary and capricious, thereby depriving Plaintiffs of their property interest.

79.    Defendant Williams did not provide Plaintiffs with any state law remedies before depriving Plaintiffs of their property interest.

80.    There exits an actual controversy between the parties at the present time.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.    Permanently enjoining the Defendant from positioning barricades and creating police checkpoints which infringe upon the Plaintiffs' constitutional rights;

b.    Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs Motion for a Temporary Restraining Order;

c.    Declaring that blockading Plaintiffs' property, restricting access to and from the property, and creating police checkpoints at the property violate the Plaintiffs' Fourteenth Amendment substantive due process rights;

d.    Awarding the Plaintiffs their attorneys' fees and costs;

e.    Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT VII
*(Substantive Due Process Against Unknown Officers)*

81.    Plaintiffs restate and incorporate paragraphs one through thirty-eight of this Complaint as if fully set forth in Count VII of this Complaint.

82.    The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

83.    The action taken by the Unknown Defendant Officers was arbitrary and capricious, thereby depriving Plaintiffs of their property interest.

84.    The Unknown Defendant Officers did not provide Plaintiffs with any state law remedies before depriving Plaintiffs of their property interest.

85.    There exits an actual controversy between the parties at the present time.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.      Permanently enjoining the Defendants from positioning barricades and creating police checkpoints which infringe upon the Plaintiffs' constitutional rights;

b.      Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.      Declaring that blockading Plaintiffs' property, restricting access to and from the property, and creating police checkpoints at the property violate the Plaintiff's Fourteenth Amendment substantive due process rights;

d.      Awarding the Plaintiffs their attorneys' fees and costs;

e.      Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT VIII
*(Substantive Due Process Against of Rolling Meadows – Monell)*

86.     Plaintiffs restate and incorporate paragraphs one through thirty-eight of this Complaint as if fully set forth in Count VIII of this Complaint.

87.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

88.     The action taken by The City of Rolling Meadows, by and through its final policy makers, was arbitrary and capricious, thereby depriving Plaintiffs of their property interest.

89.     The City of Rolling Meadows did not provide Plaintiffs with any state law remedies before depriving Plaintiffs of their property interest

90.     There exits an actual controversy between the parties at the present time.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

16

a.       Permanently enjoining the Defendant from positioning barricades and creating police checkpoints which infringe upon the Plaintiffs' constitutional rights;

b.       Awarding the Plaintiffs their attorneys' fees and costs that were associated with Plaintiffs' Motion for a Temporary Restraining Order;

c.       Declaring that blockading Plaintiffs' property, restricting access to and from the property, and creating police checkpoints at the property violate the Plaintiff's Fourteenth Amendment substantive due process rights;

d.       Awarding the Plaintiffs their attorneys' fees and costs;

e.       Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT IX
### *(745 ILCS 10/9-102 Claim Against the City of Rolling Meadows)*

91.       Plaintiffs restate and incorporate paragraphs one through ninety of this Complaint as if fully set forth in Count IX of this Complaint.

92.       The Defendant City of Rolling Meadows is the employer of the Individual Defendants as alleged above.

93.       The Individual Defendants, as alleged above, committed the acts under color of law and in the scope of employment of the City of Rolling Meadows.

WHEREFORE, should the Individual Defendants be found liable for any of the alleged counts in this cause, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the City of Rolling Meadows pay Plaintiffs any judgment obtained against the Individual Defendants as a result of this Complaint.

## COUNT X
*(Supplementary Claim for Respondeat Superior)*

94.    Plaintiffs restate and incorporate paragraphs one through ninety-three of this Complaint as if fully set forth in Count X of this Complaint.

95.    The aforesaid acts of the Individual Defendants were in the scope of employment and therefore the Defendant City of Rolling Meadows as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the Individual Defendants be found liable for any state claims alleged herein, Plaintiffs demand judgment against the City of Rolling Meadows and such other additional relief, as this Court deems equitable and just.

Respectfully Submitted,

s/ Blake Horwitz
Attorney for the Plaintiffs
Blake Horwitz

s/ Elliot Richardson
Attorney for the Plaintiffs
Elliot Richardson

**HORWITZ, RICHARDSON & BAKER LLC**
Blake Horwitz, Esq.
Elliot Richardson, Esq.
Sean Baker, Esq.
Erica Faaborg, Esq.
Rachelle Sorg, Esq.
Abbas Merchant, Esq.

**Two First National Plaza**
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

# EXHIBIT B



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

JUN 1 7 2008

Jun 17, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY  COMPANY, W/G LCD, LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY AND MICHAEL SPARKS, an Individual, | No. |
| | JUDGE |
| Plaintiffs, | MAGISTRATE JUDGE |
| vs. | |
| THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS | 08CV 3462 JUDGE MANNING MAGISTRATE JUDGE BROWN |
| Defendants. | |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, W/G KRISTINA 123 LLC, A DELAWARE

LIMITED LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED

LIABILITY COMPANY, W/G SPI LLC, A LIMITED LIABILITY COMPANY and

MICHAEL SPARKS, by their attorneys BLAKE HORWITZ, ELLIOT RICHARDSON,

ERICA FAABORG, RACHELLE SORG, ABBAS MERCHANT and SEAN BAKER,

and for their Complaint At Law against the Defendants, THOMAS MELENA,

ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING

MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE

1

OFFICERS, (hereinafter the "Individual Defendants"), and the CITY OF ROLLING MEADOWS state the following:

## JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

1.    W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC own an apartment complex commonly known as 12 Oaks at Woodfield as tenants in common. The managing member of each of these entities is Michael Sparks.

2.    Thomas Melena is the Rolling Meadows City Manager. Defendant Melena is sued in his individual capacity.

3.    Steven Williams is the Rolling Meadows police chief. Defendant Williams is sued in his individual capacity.

4.    Unknown Rolling Meadows Police Officers are employees of the Defendant, the City of Rolling Meadows.

5.    Unknown Rolling Meadows Police Officers are sued in their individual capacity.

6.    The City of Rolling Meadows is a duly incorporated municipal corporation and is the employer and principal of the Individual Defendants as well as the other officers and/or employees referred to in this Complaint.

7.    At all times material to this complaint, the Individual Defendants were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the City of Rolling Meadows.

2

## FACTS COMMON TO ALL COUNTS

8.   The 12 Oaks at Woodfield apartment complex is home to many families, including young children.  Approximately 2000 individuals live at this location.

9.   On or about June 9, 2008, Rolling Meadows police officers took control and dominated the 12 Oaks at Woodfield complex.  Said officers barricaded 13 entrances and established a road block for entrance into the complex.  The only method by which inhabitants and/or visitors of the complex were permitted entrance was by passing through a check point wherein police officers would, *inter alia*, interrogate individuals upon entry.

10.   Blocking off entrances to people's home, using cement barricades and requiring individuals to be subject to police inquiry is unconstitutional. Further, there are no exigent circumstances to justify this intrusion.  Rolling Meadows is not engaged in a war, nor is it fighting imminent criminal activity.  The stated purpose behind this police action is to cause residents to receive a flyer advising them of public meetings wherein safety concerns attributable to their living quarters (i.e. lock doors at night, do not leave valuables in your car) will be addressed.  Cement barricades and a police monitored entrance are not necessary to distribute flyers.  The flyer distribution scheme is merely a pretext.

11.   Unknown Rolling Meadows Police Officers stationed at the only permitted entrance/exit of the apartment complex, *inter alia*, interrogate occupants and visitors entering the complex, asking personal questions regarding where occupants live, the duration of their stay, personal identification and the like.  This is an unwarranted intrusion into the lives of the occupants of 12 Oaks at Woofield.

3

12.     The Individual Defendants and the City of Rolling Meadows directed the placement of the barricades restricting access to 12 Oaks at Woodfield apartment complex.

13.     Defendant Melena has indicated that the barricades may remain for an indefinite period of time.

14.     The Individual Defendants' conduct has caused great upheaval at the 12 Oaks at Woodfield apartment complex.  Residents report feeling "like prisoners in their own homes."  Further, there has been a decrease in new tenant inquiries at the premises since the Individual Defendants blocked the property with barricades.

15.     Many residents will move out of the apartment complex, thus breaking their rental agreements, should the City of Rolling Meadows continue to block ingress to their homes and/or perform unwarranted seizures and treat residents like criminals.  Indeed, Defendant Williams has admitted that this police presence has intimidated some individuals to the point where they have left the premises.

16.     The Plaintiffs seek a declaratory judgment holding that the Individual Defendants have violated the Plaintiffs' constitutional rights.

17.     The Plaintiffs seek a declaratory judgment holding that the Rolling Meadows policy, which consists of using barricades to block ingress into the 12 Oaks at Woodfield complex, violates the Plaintiffs' constitutional rights.

18.     The Plaintiffs seek injunctive relief against the Defendants, their attorneys' fees and costs.

4

## Procedural Due Process

19.     The Plaintiffs were not provided notice before the Individual Defendants and the City of Rolling Meadows secured barricades to block access to the 12 Oaks at Woodfield apartment complex. The Plaintiffs were not provided notice before said Defendants caused police officers to be stationed at the only open entrance into the apartment complex.

20.     The Plaintiffs were not provided notice that their residents and guests would be stopped, ordered to roll down their windows, and interrogated by police officers. The Plaintiffs' due process rights were infringed upon without proper notice. The Plaintiffs' had the right to receive notice prior to the infringement of their constitutional rights.

21.     The Plaintiffs were not provided a hearing prior to the deprivation of their protected property interest and civil rights.

22.     The Plaintiffs were not afforded a hearing before the Individual Defendants and the City of Rolling Meadows caused barricades to block access to the 12 Oaks at Woodfield apartment complex.

23.     The Plaintiffs were not afforded a hearing before the Individual Defendants and the City of Rolling Meadows caused police officers to establish a checkpoint at the only entrance that remained open at the apartment complex.

24.     The Plaintiffs were not provided a hearing before their residents and guests would be stopped, ordered to roll down their windows, and interrogated by police officers prior to gaining access to Plaintiffs' property. The Plaintiffs' due process rights were infringed upon without being afforded a hearing. The Plaintiffs had the right to receive a hearing prior to the infringement of their constitutional rights.

5

## COUNT I
*(Declaratory Judgment Against Thomas Melena, Procedural Due Process)*

25.     The Plaintiffs hereby reinstate and incorporate paragraphs one through twenty-four of this Complaint as if fully stated in Count I.

26.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

27.     Defendant Melena has acted in a manner adverse to Plaintiffs' interest in the property. Specifically, he has directed officers/employees to block residents (and their guests) access to the apartment complex and created a situation where the only way that residents can get to their apartments is by traveling through a police checkpoint. This has had an adverse and detrimental impact on the property.

28.     There exists an actual controversy between the Plaintiffs and Defendant Melena.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

    a.     Declaring that Defendant Melena has violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

    b.     Awarding the Plaintiffs their attorneys' fees and costs;

    c.     Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT II
*(Declaratory Judgment Against Chief Steven Williams, Procedural Due Process)*

29.     The Plaintiffs hereby reinstate and incorporate paragraphs one through twenty-four of this Complaint as if fully stated in Count II.

6

30. The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

31. Defendant Williams has acted in a manner adverse to Plaintiffs' interest in the property. Specifically, he has directed officers/employees to block residents (and their guests) access to the apartment complex and created a situation where the only way that residents can get to their apartments is by traveling through a police checkpoint. This has had an adverse and detrimental impact on the property.

32. There exists an actual controversy between the Plaintiffs and Defendant Williams.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a. Declaring that Defendant Williams has violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b. Awarding the Plaintiffs their attorneys' fees and costs;

c. Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

### COUNT III
*(Declaratory Judgment Against Unknown Rolling Meadows Police Officers, Procedural Due Process)*

33. The Plaintiffs hereby reinstate and incorporate paragraphs one through twenty-four of this Complaint as if fully stated in Count III.

34. The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

7

35. Defendant Unknown Rolling Meadows Police Officers have acted in a manner adverse to Plaintiffs' interest in the property. Specifically, they have blocked residents and their guests' access to the apartment complex and have created a situation where residents are required to travel through a police check point to access their homes. This has had an adverse and detrimental impact on the property.

36. There exists an actual controversy between the Plaintiffs and Defendant Unknown Rolling Meadows Police Officers.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a. Declaring that Defendant Unknown Rolling Meadows Police Officers have violated the Plaintiffs' Fourteenth Amendment due process rights by engaging in the conduct set forth herein without providing notice and a hearing;

b. Awarding the Plaintiffs their attorneys' fees and costs;

c. Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT IV
### (Monell - Declaratory Judgment
### Against the City of Rolling Meadows, Procedural Due Process)

37. Plaintiffs restate and incorporate paragraphs one through twenty-four of this Complaint as if fully set forth in Count IV of this Complaint.

38. The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

39. The City of Rolling Meadows, by and through their final policy makers, instituted a policy which has had an adverse impact on Plaintiffs' interest in the property.

8

Specifically, the City of Rolling Meadows has blocked residents (and their guests) access to the apartment complex and created a checkpoint at the only open entrance into the apartment complex.

40.     Under the guise of providing safety instruction, the City of Rolling Meadows has turned the 12 Oaks at Woodfield apartment complex into a virtual police state. This has had an adverse and detrimental impact on the property.

41.     There exists an actual controversy between the Plaintiffs and the City of Rolling Meadows.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a.      Declaring that the implementation of the above-referenced policy, without notice or a hearing, violates the Plaintiffs' Fourteenth Amendment due process rights;

b.      Awarding the Plaintiffs their attorneys' fees and costs;

c.      Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT V
*(Declaratory Judgment Against Thomas Melena, Substantive Due Process)*

42.     Plaintiffs restate and incorporate paragraphs one through twenty-four of this Complaint as if fully set forth in Count V of this Complaint.

43.     The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

44.     The action taken by Defendant Melena was arbitrary and capricous, thereby depriving Plaintiffs' of their property interest.

9

45. Defendant Melena did not provide Plaintiffs with any state law remedies before unreasonably depriving Plaintiffs of their property interest.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

a. Declaring that Defendant Melena has violated the Plaintiff's Fourteenth Amendment substantive due process rights by engaging in the conduct set forth herein by acting arbitrarily and irrationally and without adequate state law remedies;

b. Awarding the Plaintiffs their attorneys' fees and costs;

c. Awarding the Plaintiffs any further relief this Honorable Court deems fair and just.

## COUNT VI
*(Declaratory Judgment Against Chief Steven Williams, Substantive Due Process)*

46. Plaintiffs restate and incorporate paragraphs one through twenty-four of this Complaint as if fully set forth in Count VI of this Complaint.

47. The Plaintiffs have a tangible legal interest in the property commonly known as the 12 Oaks at Woodfield apartment complex.

48. The action taken by Defendant Williams was arbitrary and capricious, thereby depriving Plaintiffs' of their property interest.

49. Defendant Williams did not provide Plaintiffs with any state law remedies before unreasonably depriving Plaintiffs of their property interest.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC, respectfully request that this Honorable Court enter an order:

10

a.     Declaring that Defendant Williams has violated the Plaintiffs' Fourteenth
Amendment substantive due process rights by engaging in the conduct set forth
herein by acting arbitrarily and irrationally and without adequate state law
remedies;

b.     Awarding the Plaintiffs their attorneys' fees and costs;

c.     Awarding the Plaintiffs any further relief this Honorable Court deems fair
and just.

## COUNT VII
*(Declaratory Judgment Against Unknown Rolling Meadows Police Officers,*
*Substantive Due Process)*

50.    Plaintiffs restate and incorporate paragraphs one through twenty-four of this
Complaint as if fully set forth in Count VII of this Complaint.

51.    The Plaintiffs have a tangible legal interest in the property commonly known as
the 12 Oaks at Woodfield apartment complex.

52.    The action taken by Defendant Unknown Rolling Meadows police Officers was
arbitrary and capricious, thereby depriving Plaintiffs' of their property interest.

53.    Defendant Unknown Rolling Meadows Police Officers did not provide Plaintiffs
with any state law remedies before unreasonably depriving Plaintiffs of their property
interest.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G
SPI LLC, respectfully request that this Honorable Court enter an order:

d.     Declaring that Defendant Unknown Rolling Meadows Police Officers
have violated the Plaintiffs' Fourteenth Amendment substantive due process

11

rights by engaging in the conduct set forth herein by acting arbitrarily and

irrationally and without adequate state law remedies;

e.    Awarding the Plaintiffs their attorneys' fees and costs;

f.    Awarding the Plaintiffs any further relief this Honorable Court deems fair

and just.

## COUNT VIII

*(Monell - Declaratory Judgment Against City of Rolling Meadows*
*Substantive Due Process)*

54.    Plaintiffs restate and incorporate paragraphs one through twenty-four of this

Complaint as if fully set forth in Count VIII of this Complaint.

55.    The Plaintiffs have a tangible legal interest in the property commonly known as

the 12 Oaks at Woodfield apartment complex.

56.    The action taken by the City of Rolling Meadows was arbitrary and capricious,

thereby depriving Plaintiffs' of their property interest.

57.    The City of Rolling Meadows did not provide Plaintiffs with any state law

remedies before unreasonably depriving Plaintiffs of their property interest.

WHEREFORE, the Plaintiffs, W/G Kristina 123 LLC, W/G LCD, LLC and W/G

SPI LLC, respectfully request that this Honorable Court enter an order:

a.    Declaring that the City of Rolling Meadows has violated the Plaintiffs'

Fourteenth Amendment substantive due process rights by engaging in the conduct

set forth herein by acting arbitrarily and irrationally and without adequate state

law remedies;

b.    Awarding the Plaintiffs their attorneys' fees and costs;

c.      Awarding the Plaintiffs any further relief this Honorable Court deems fair
and just.

## COUNT IX
*(745 ILCS 10/9-102 Claim Against the City of Rolling Meadows)*

58.      Plaintiffs restate and incorporate paragraphs one through twenty-four of this
Complaint as if fully set forth in Count IX of this Complaint.

59.      The Defendant City of Rolling Meadows is the employer of the Individual
Defendants as alleged above.

60.      The Individual Defendants, as alleged above, committed the acts under color of
law and in the scope of employment of the City of Rolling Meadows.

WHEREFORE, should the Individual Defendants be found liable for any of the
alleged counts in this cause, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the
City of Rolling Meadows pay Plaintiffs' any judgment obtained against the Individual
Defendants as a result of this complaint.

## COUNT X
*(Supplementary Claim for Respondeat Superior)*

61.      Plaintiffs restate and incorporate paragraphs one through twenty-four of this
Complaint as if fully set forth in Count X of this Complaint.

62.      The aforesaid acts of the Individual Defendants were in the scope of employment
and therefore the Defendant City of Rolling Meadows as principal, is liable for the
actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the Individual Defendants be found liable for any state
claims alleged herein, Plaintiffs demand judgment against the City of Rolling Meadows
and such other additional relief, as this Court deems equitable and just.

13

Respectfully Submitted,

s/

Attorney for the Plaintiffs
Blake Horwitz

s/

Attorney for the Plaintiffs
Elliot Richardson


**HORWITZ, RICHARDSON & BAKER LLC**

Blake Horwitz, Esq.
Elliot Richardson, Esq.
Sean Baker, Esq.
Erica Faaborg, Esq.
Rachelle Sorg, Esq.
Abbas Merchant, Esq.

**Two First National Plaza**
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

14