IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY AND MICHAEL SPARKS, AN INDIVIDUAL, <br><br> Plaintiffs, <br><br> vs. <br><br> THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS AND THE CITY OF ROLLING MEADOWS, <br><br> Defendants. | Case No. 08 CV 3462 <br><br> Judge Manning <br><br> Magistrate Judge Brown |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT**

Now Comes the Defendants, Thomas Melena, Rolling Meadows City Manager, Steven Williams, Rolling Meadows Police Chief, unknown Rolling Meadows Police Officers and the City of Rolling Meadows ("Defendants"), by and through their attorneys, James E. Macholl, Richard J. Ramello, Michael K. Durkin, Angelo F. Del Marto, and Melissa A. Miroballi, and as and for their Response To Plaintiff's Amended Motion For Leave To Amend Plaintiff's Complaint, state as follows:

1.  On June 14, 2008, the Honorable Judge Manning denied the Plaintiff's Motion For

125574.1

Leave To File Amended Complaint on the basis that the "Plaintiff's have not specified the differences between the original complaint and the proposed amended complaint." A copy of the Order is attached hereto as Exhibit "A."

2. Plaintiff's Amended Motion For Leave To Amend Plaintiff's Complaint ("Amended Motion") still does not specify anything new in the proposed Amended Complaint.

3. Plaintiff's Amended Motion states, at Paragraph 8, that there are three central amendments that Plaintiffs seek:

> A. To allege that they have suffered significant damages as a result of the Defendants' wrongful conduct, *inter alia,* diminution in goodwill lost in revenue;
>
> B. To seek a permanent injunction prohibiting the replacement of the barricades; and
>
> C. To allege factual information regarding the Defendants intent to re-erect the barriers on 12 Oak at Woodfield.

## PLAINTIFF'S DAMAGE ALLEGATIONS

4. The Plaintiffs' Complaint alleges, at Paragraph 14:

> "Further, there has been a decrease in new tenant inquiries at the premises since the Individual Defendants blocked the property with barricades."

5. Plaintiffs' proposed Amended Complaint alleges, at Paragraph 14:

> "Further, there is a decrease in new tenant inquiries at the premises after the Defendants blocked the property with barricades."

6. The Plaintiff's Complaint, at Paragraph 15, alleges:

> "Many residents will move out of the apartment complex, thus breaking their rental agreements, should the City of Rolling Meadows continue to block ingress to their homes..."

7. The Plaintiffs' proposed Amended Complaint alleges, at Paragraph 29:

125574.1

> "The Defendants' conduct has caused the Plaintiffs to lose potential renters. It has caused and will continue to cause, many residents to move out of the apartment complex, thus breaking their rental agreements."

8. The allegations in the proposed Amended Complaint only seek to add conclusion as to Plaintiff's diminished loss of good will and Plaintiffs request for compensatory damages for loss of business, renters and goodwill.

9. While certainly the Plaintiffs seek to amend their Complaint to now include a pray for compensatory damages, the Amended Complaint is not based on any new factual allegations not raised in the Complaint already on file.

### TO SEEK A PERMANENT INJUNCTION
### PROHIBITING THE REPLACEMENT OF THE BARRICADES

10. The Complaint states at Paragraph 18 that "Plaintiffs seek injunctive relief against the Defendants, their attorneys' fees and costs."

11. While Plaintiffs are correct that the barricades have been removed and the entrances to Woodfield Gardens are all open, the difference between requesting an injunction to require the removal of the barricades as opposed to not replacing the barricades is a distinction without any meaningful difference.

### TO ALLEGE FACTUAL INFORMATION REGARDING THE DEFENDANTS
### INTENT TO RE-ERECT THE BARRICADES ON 12 OAKS AT WOODFIELD

12. Plaintiff's allegations that the Defendants will re-erect the barricades are not well founded. On June 24, 2008 counsel for the City of Rolling Meadows offered to enter into an Agreed Order for the City to maintain the status quo during the pendency of this litigation. A copy of the letter is attached hereto as Exhibit "B"

13. On July 14, 2008 Counsel for Plaintiffs and Defendants had a conference pursuant

125574.1

to Rule 26(f). During that conference, counsel for the City again stated that the City would agree to maintain the status quo while this matter was pending.

14. All Plaintiffs' have to do is accept the City's repeated offers to maintain the status quo until such time as this Court dismisses the Complaint or declares the rights of the parties.

Wherefore, the Defendants respectfully request that this Honorable Court deny the Plaintiffs' Amended Motion For Leave To Amend Plaintiffs' Complaint.

                              Respectfully submitted,

                              s/   James E. Macholl
                              James E. Macholl, One of its Attorneys

JAMES E. MACHOLL, ARDC No. 6184395
RICHARD J. RAMELLO, ARDC No. 3124818
MICHAEL K. DURKIN, ARDC No. 3121686
ANGELO F. DEL MARTO, ARDC No. 6191333
MELISSA A. MIROBALLI, ARDC No. 6243511
Storino, Ramello & Durkin
9501 West Devon Avenue, 8th Floor
Rosemont, Illinois  60018
847-318-9500

125574.1

# EXHIBIT "A"

James E. Macholl

From: usdc_ecf_ilnd@ilnd.uscourts.gov
Sent: Monday, July 14, 2008 4:59 PM
To: ecfmail_ilnd@ilnd.uscourts.gov
Subject: Activity in Case 1:08-cv-03462 W/G Kristina 123 LLC et al v. Melena et al order on motion to amend/correct

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

**Notice of Electronic Filing**

The following transaction was entered on 7/14/2008 at 4:58 PM CDT and filed on 7/14/2008
Case Name:     W/G Kristina 123 LLC et al v. Melena et al
Case Number:   1:08-cv-3462
Filer:
Document Number: 34

Docket Text:
MINUTE entry before the Honorable Blanche M. Manning: Plaintiffs' motion to amend complaint [28] is denied as the plaintiffs have not specified the differences between the original complaint and the proposed amended complaint. Plaintiffs' motion for permanent injunction [28] is stricken without prejudice due to pending discovery. The briefing schedule on preliminary injunction set by this court on 6/26/2008 (21) is also stricken. The referral to Magistrate Judge Brown is expanded to include discovery supervision as well as ruling on all nondispositive pretrial motions. Therefore, the plaintiffs' motion to set a discovery schedule [28] shall be re-noticed before Magistrate Judge Brown. Mailed notice (rth, )

1:08-cv-3462 Notice has been electronically mailed to:

Donald G. Mulack     dmulack@mpslaw.com

Richard J. Ramello     rramello@srd-law.com

Michael K. Durkin     mdurkin@srd-law.com

William J. Mitchell     wmitchell@mpslaw.com

James L. DeAno     jimdeano@deanoandscarry.com,aswalec@deanoandscarry.com,swilson@deanoandscarry.com

Blake Wolfe Horwitz
bhorwitz@hrbattorneys.com,lobh@att.net,npeters@hrbattorneys.com,npeters@erlaw.net,mpizarro@hrbattorneys.com,mpizarro@erlaw.net,ovirola@hrbattorneys.com

James Edmund Macholl     jmacholl@srd-law.com

Angelo F. DelMarto     delmarto@srd-law.com,ltricoci@srd-law.com

Sean M. Baker     sbaker@hrbattorneys.com,sean-baker@sbcglobal.net,eadame@hrbattorneys.com

Laura Lee Scarry     lscarry@deanoandscarry.com,aswalec@deanoandscarry.com,swilson@deanoandscarry.com

Melissa A. Miroballi     mmirobal@srd-law.com

Elliot S. Richardson     erichardson@erlaw.net,mpizarro@erlaw.net,npeters@erlaw.net,rsorg@erlaw.net,eadame@hrbattorneys.com,ovirola@hrbattorneys.com

Scott Bryan Dolezal     sdolezal@deanoandscarry.com,aswalec@deanoandscarry.com,swilson@deanoandscarry.com

Patrick Frasor Moran     pmoran@deanoandscarry.com

Abbas Badruddin Merchant     amerchant@hrbattorneys.com,lobh@att.net

Rachelle M. Sorg     rsorg@erlaw.net,npeters@erlaw.net

Erica E. Faaborg     efaaborg@hrbattorneys.com

1:08-cv-3462 Notice has been delivered by other means to:

7/15/2008

<u>**EXHIBIT "B"**</u>

LAW OFFICES

## STORINO, RAMELLO & DURKIN

9501 WEST DEVON AVENUE

ROSEMONT, ILLINOIS 60018

| | | |
|---|---|---|
| DONALD J. STORINO<br>MICHAEL K. DURKIN<br>RICHARD J. RAMELLO<br>NICHOLAS S. PEPPERS<br>THOMAS M. BASTIAN<br>ANGELO F. DEL MARTO<br>MARY K. CONNOLLY<br>JAMES E. MACHOLL<br>BRIAN W. BAUGH<br>ANTHONY J. CASALE<br>PETER A. PACIONE<br>MATTHEW G. HOLMES | (847) 318-9500<br><br>FACSIMILE (847) 318-9509<br><br><br>June 24, 2008 | MONICA J. KIEHL<br>CAROLYN M. SARNECKI<br>KATHLEEN M. REIFSNYDER<br>MICHAEL R. DURKIN<br><br>JOSEPH G. KUSPER<br>MARK R. STEPHENS<br>BRYAN J. BERRY<br>LEONARD P. DIORIO<br>RICHARD F. PELLEGRINO<br>DONALD J. STORINO II<br>RICHARD J. BILLIK<br>ALFRED E. GALLO<br><br>OF COUNSEL<br><br>IN REPLY REFER TO FILE NO<br>RM-192 |

**TRANSMITTED VIA FACSIMILE 312-372-7076**
**AND FIRST CLASS MAIL**
Mr. Blake Horwitz
Horwitz, Richardson & Baker
20 South Clark Street, Suite 500
Chicago, Illinois 60603

  Re: W/G Kristina 123 LLC, et al. v. Melena, et al.; Case No. 08 CV 31462

Dear Mr. Horwitz:

  Pursuant to our conversation this afternoon, the following is my proposed terms of an Agreed Order to be entered tomorrow:

1. The chains and barricades installed by the City of Rolling Meadows on June 9, 2008 were removed on June 24, 2008.

2. The Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is withdrawn as the issues are moot.

3. The Defendants shall maintain the status quo.

Please advise me if the above is acceptable to you.

            Very truly yours,
           STORINO, RAMELLO & DURKIN

              James E. Macholl

JEM:jlk

119350.1