## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY and MICHAEL SPARKS, an Individual, | ) ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) | No. 08 CV 3462 |
| vs. | ) ) | Judge Manning |
| THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS, | ) ) ) ) ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) ) ) |  |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO 12(b)1 and 12(b)6

NOW COME Defendants, Thomas Melena, Steven Williams, City of Rolling Meadows and unknown Rolling Meadows police officers, by and through their attorneys, James E. Macholl, Richard J. Ramello, Michael K. Durkin, Angelo F. DelMarto and Melissa Miroballi, and moves this Honorable Court to dismiss the Plaintiffs' Complaint at Law ("Complaint") pursuant to Rules 12(b)1 and 12(b)6 of the Federal Rules of Civil Procedure, and in support thereof state as follows:

### I. INTRODUCTION

1.    Plaintiffs own an apartment complex located in the City of Rolling Meadows ("City").

2.     As a result of criminal activity at the apartment complex, on or about June 9, 2008, the Rolling Meadows police department erected barricades upon the City streets at all of the entrances to the complex except one.

3.     A police officer was then stationed at the remaining entrance and distributed information regarding crime prevention and safety precautions.

4.     The City had determined that a visible police presence at the complex was necessary and the best means by which to maintain the health, safety and welfare of not only the inhabitants of the complex, but of the entire City.

5.     Plaintiffs allege the City's actions violated their constitutionally protected substantive and procedural due process property interest, and have filed the Complaint under the Civil Rights Act, 42 U.S.C. § 1983.  Plaintiffs also seek to impose liability on the City for any judgment entered against the individual defendants pursuant to 745 ILCS 10/9-102 and the doctrine of *respondeat superior*.

## II.  PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)1

6.     Plaintiffs' Complaint at Law ("Complaint") alleges that when the City of Rolling Meadows ("City") blocked twelve of the thirteen entrances to Woodfield Gardens, the City deprived the Plaintiffs of their substantive due process rights under the Fourteenth Amendment of the United States Constitution.

7.     Plaintiffs' claim is not a civil rights action, but rather an inverse condemnation claim.

8.     The State of Illinois adequately provides relief for property owners who have a claim for allegations of inverse condemnation under Article VII of the Illinois Code of Civil Procedure.  735 ILCS 5/7-101, *et seq.*

9.    Plaintiffs have not proceeded under the Illinois Code of Civil Procedure but, rather, chose to commence this action in Federal court on a civil rights claim.

10.    Plaintiffs' causes of action are not ripe for a Federal Civil Rights Action due to the failure of the Plaintiffs to proceed under 735 ILCS 5/7-101, *et seq.*

11.    Respectfully, this Honorable Court lacks subject matter jurisdiction over the Plaintiffs' substantive due process and procedural due process claims as the Plaintiffs have an adequate state law remedy and Plaintiffs have not pursued the state law remedy.

WHEREFORE, Defendants respectfully move this Honorable Court to dismiss the Plaintiffs' Complaint, with prejudice.

### III. PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIMS ARE ANCILLARY TO PLAINTIFFS' INVERSE CONDEMNATION CLAIM AND SHOULD BE DISMISSED PURSUANT TO RULE 12(b)1

12.    Plaintiffs' Complaint alleges the City deprived Plaintiffs of their procedural due process rights by placing barriers at twelve of the thirteen entrances to Woodfield Gardens without notice or a hearing.

13.    Claims of denial of procedural due process rights are considered to be ancillary if they are based on a taking claim, and a plaintiff fails to exhaust their state court remedies to determine if in fact, as a matter of law, there is a taking.

14.    Plaintiffs' failure to proceed under 735 ILCS 5/7-101, *et seq.* and exhaust their state court remedies requires the dismissal of Plaintiffs' procedural due process claims.

WHEREFORE, Defendants respectfully move this Honorable Court to dismiss Counts I, II, III and IV of the Plaintiffs' Complaint with prejudice.

### IV.  PLAINTIFFS FAIL TO ALLEGE SUFFICIENT FACTS
### TO ESTABLISH A PROTECTIBLE PROPERTY INTEREST

15.    Plaintiffs' Complaint alleges that Plaintiffs have a protectable property interest to complete free and unobstructed access to their property from the public right-of-way.

16.    Plaintiffs' property rights are created by the laws of the State of Illinois and not the United States Constitution.

17.    Under Illinois law, the right of access to property is not absolute and is subject to regulation under the City's police power.

18.    The Defendants blocking 12 of 13 entrances to Woodfield Gardens to distribute information on crime prevention and safety precautions bears a substantial relationship to the public good.

19.    Plaintiffs' Complaint fails to allege sufficient facts to establish a constitutionally protected property interest in unrestricted access to their property.

WHEREFORE, Defendants respectfully move this Honorable Court to dismiss Counts V, VI, VII and VIII of Plaintiffs' Complaint, with prejudice, pursuant to Rule 12(b)6.

### V.  PLAINTIFFS' COMPLAINT FAILS TO ALLEGE
### SUFFICIENT FACTS TO ESTABLISH DEFENDANTS'
### CONDUCT WAS ARBITRARY AND CAPRICIOUS

20.    Plaintiffs' Complaint alleges that the Defendants' conduct was arbitrary and capricious.

21.    The Defendants restricting access to Plaintiffs' property to distribute crime prevent and safety information is a valid exercise of the City's police powers.

22.    Plaintiffs fail to allege facts which demonstrate that the Defendants actions bear no conceivable rational relationship to the City's police powers.

WHEREFORE, the Defendants respectfully move this Honorable Court to dismiss Plaintiffs' Complaint, with prejudice, pursuant to Rule 12(b)6.

## VI.  COUNTS IX AND X ARE DEPENDENT ON THE VIABILITY OF COUNTS 1 THROUGH VIII AND SHOULD ALSO BE DISMISSED

23.     Count IX of the Complaint alleges the City is liable for the acts of its City Manager's, Police Chief's and police officers' individual actions.

24.     Count X of the Complaint alleges that the City is liable for the acts of its City Manager, Police Chief and individual police officers under the *respondent superior* doctrine.

25.     Both Counts IX and X are dependent upon the viability of Counts I through VIII, inclusive, and should be dismissed along with Counts I through VIII, inclusive, under Rules 12(b)1 and 12(b)6 for the reasons set forth herein.

WHEREFORE, the Defendants respectfully pray that this Honorable Court dismiss both Counts IX and X of the Complaint, with prejudice.

Respectfully Submitted,

STORINO, RAMELLO & DURKIN

s/ James E. Macholl
James E. Macholl
One of the Defendants' Attorneys

JAMES E. MACHOLL, ARDC No. 6184395
RICHARD J. RAMELLO, ARDC No. 3124818
MICHAEL K. DURKIN, ARDC No. 3121686
ANGELO F. DEL MARTO, ARDC No. 6191333
MELISSA A. MIROBALLI, ARDC No. 6243511
Storino, Ramello & Durkin
9501 West Devon Avenue, 8th Floor
Rosemont, Illinois  60018
847-318-9500

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE )<br>LIMITED LIABILITY COMPANY, W/G )<br>LCD, LLC, A DELAWARE LIMITED )<br>LIABILITY COMPANY, W/G SPI LLC, A )<br>DELAWARE LIMITED LIABILITY )<br>COMPANY AND MICHAEL SPARKS, )<br>AN INDIVIDUAL, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>vs. )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>THOMAS MELENA, ROLLING )<br>MEADOWS CITY MANAGER, STEVEN )<br>WILLIAMS ROLLING MEADOWS )<br>POLICE CHIEF, UNKNOWN ROLLING )<br>MEADOWS POLICE OFFICERS AND )<br>THE CITY OF ROLLING MEADOWS, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　Defendants. ) | Case No. 08 CV 3462<br><br>Judge Manning<br><br>Magistrate Judge Brown |

## NOTICE OF FILING

**To:**　Electronic Service List

PLEASE TAKE NOTICE that on July 22, 2008, **Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Rules 12(b)1 and 12(b)6 of the Rules of Federal Civil Procedure and Memorandum in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Rules 12(b)1 and 12(b)6,** a copy of which is attached hereto, was electronically filed with the United States District Court Northern District of Illinois, Eastern Division.

STORINO, RAMELLO & DURKIN

By: _s/ James E. Macholl_
James E. Macholl,
One of the Attorneys for Defendants

JAMES E. MACHOLL, ARDC No. 6184395
RICHARD J. RAMELLO, ARDC No. 3124818
MICHAEL K. DURKIN, ARDC No. 3121686
ANGELO F. DEL MARTO, ARDC No. 6191333
MELISSA A. MIROBALLI, ARDC No. 6243511
Storino, Ramello & Durkin
9501 West Devon Avenue, 8th Floor
Rosemont, Illinois 60018
847-318-9500

125897-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY and MICHAEL SPARKS, an Individual, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) No. 08 CV 3462 ) |
| vs. | ) Judge Manning ) |
| THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS, | ) Magistrate Judge ) Geraldine Soat Brown ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT PURSUANT TO 12(b)1 and 12(b)6**

Defendants, Thomas Melena, Steven Williams, City of Rolling Meadows and unknown Rolling Meadows police officers, by and through their attorneys, James E. Macholl, Richard J. Ramello, Michael K. Durkin, Angelo F. DelMarto and Melissa A. Miroballi, in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)1 and 12(b)6 of the Federal Rules of Civil Procedure, state as follows:

### STATEMENT OF FACTS

Plaintiffs own an apartment complex located in the City of Rolling Meadows ("City"). As a result of criminal activity at the apartment complex, on or about June 9, 2008, the Rolling Meadows police department erected barricades on the City streets at

twelve out of thirteen entrances to the complex except one. A police officer was then stationed at the remaining entrance who distributed information regarding safety precautions. The City had determined that a visible police presence at the complex was necessary and the best means by which to maintain the health, safety and welfare of not only the inhabitants of the complex, but of the entire City. Plaintiffs allege the City's actions violated their constitutionally protected property interest, and have filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983.

Plaintiffs' Complaint should be dismissed in it entirety because this Court lacks subject matter jurisdiction and/or because Plaintiffs have failed to allege facts establishing that they have a constitutionally protected property interest or that Defendants' conduct was arbitrary and capricious.

I.    **COUNTS V, VI, VII, AND VIII OF PLAINTIFFS' COMPLAINT ARE NOT RIPE AND, ACCORDINGLY, SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 12(b)1**

**Standard of Review**

In a motion to dismiss, the court must take as true and view in the light most favorable to Plaintiffs all factual allegations contained in their complaint. *Crider v. Bd. of Co. Comm'r. of Boulder,* 246 F.3d 1285, 1288 (10th Cir. 2001). "A ripeness challenge, like most other challenges to a court's subject matter jurisdiction, is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)1." *Bateman v. City of West Bountiful,* 89 F.3d 704, 706 (C.A. 10 (Utah) 1996.) "The ripeness inquiry requires the court to evaluate 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.*

A.    **Plaintiffs Mischaracterize Counts V, VI, VII and VIII as Claims Under the Fourteenth Amendment's Substantive Due Process Clause**

In Counts V, VI, VII and VIII, Plaintiffs allege a cause of action under 42 U.S.C. § 1983 based upon violations of their Fourteenth Amendment Substantive Due Process rights. However, these alleged violations, if proven, would amount to a takings claim. Alleged violations to property interests are specifically protected by the Fifth Amendment, and merely characterizing a claim as a substantive due process claim does not relieve Plaintiffs from having their claim subjected to a takings analysis.

The courts have stated that "§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979). "'The first inquiry in any § 1983 suit' is 'to isolate the precise constitutional violation with which the defendant is charged.'" *Id.*

The courts have consistently held that allegations of violations to property interests do not implicate the substantive due process clause. The "Supreme Court in recent decades has restricted the scope of substantive due process. There can be no doubt that the Due Process Clause of the Fourteenth Amendment confers both procedural and substantive rights [citations omitted]. However, the use of substantive due process to extend constitutional protection to economic and property rights has been largely discredited." *Armendariz v. Penman*, 75 F.3d 1311, 1318 (C.A.9 Cal.) 1996.

In *Armendariz*, the owners of a low-income housing complex brought an action under § 1983 alleging, *inter alia*, violations of their procedural and substantive due process rights under the Fourteenth Amendment. In that case, the City conducted sweeps

of a housing complex to inspect the premises for housing code violations and, as a result, closed many of the buildings and evicting the tenants. Plaintiffs alleged that their earnings had been diminished, and that the sweeps were performed with pretextual motives. More specifically, they alleged that the sweeps were not done in order to enforce the housing codes but, rather, to force tenants with criminal records or gang affiliations to relocate out of the City. They further alleged that they received no notice or hearing prior to the City's actions. The court held that "at its heart lies the plaintiffs' allegation that City officials conducted the sweeps and closed the Plaintiffs' properties for no legitimate governmental purpose . . ." *Armendariz* at 1319. As the court stated, these facts, if proven, amount to a taking. To allow such a claim to proceed under substantive due process, without subjecting it to the prerequisite to Fifth Amendment takings claims, "gives the plaintiff, under substantive due process analysis, protection which the constitution does not afford . . ." *Armendariz* at 1325. The court held that the plaintiffs' substantive due process claims failed, for even if the City's actions were arbitrary and unreasonable with no relation to the public health, safety, morals or general welfare, they were improperly brought under a § 1983 cause of action.

The instant case is analogous to *Armendariz*. The Plaintiffs state that "there has been a decrease in new tenant inquiries at the premises (Comp. ¶14) and that "many residents will move out of the apartment complex, thus breaking their rental agreement." (Comp. ¶15). These facts, if proven, could only result in economic harm to Plaintiffs. Furthermore, as in *Armendariz*, the Plaintiffs allege that the Defendants' actions were "merely a pretext" (Comp. ¶11) and that the City "is not engaged in a war, nor is it fighting imminent criminal activity." (Comp. ¶10). In other words, Plaintiffs are

alleging that there was no legitimate government interest motivating the Defendants' actions. Allegations of injury to property interests with no legitimate government purpose implicate the takings clause: "Even if they have not alleged a takings claim, their claims of injury certainly implicate the takings clause. And they have not gone through the procedures necessary to properly position their claims for court review. *Highland Development, Inc. v. Duchesne County,* 505 F.Supp.2d 1129, 1159. *See also Forseth v. Village of Susse,* 199 F.3d 363 (2000) (stating that the labeled substantive due process claim falls within the framework for a takings claim).

As in *Armendariz,* the Plaintiffs in the instant case mischaracterize their claim as a violation under § 1983. There is an explicit textual provision in the Constitution that guarantees protection against the type of government conduct complained of by the Plaintiffs, namely the Fifth Amendment. When an injury to a property interest resulting from government action with no legitimate government purpose is claimed, relief must be sought under the Fifth Amendment rather than the vague substantive due process clause of the Fourteenth Amendment.

**B.   Counts V, VI, VII and VIII are not Ripe and, Accordingly, Should be Dismissed With Prejudice**

When there is an adequate remedy under state law, the Federal courts do not have subject matter jurisdiction over a claim unless and until the Plaintiffs have availed themselves of that state law. The Plaintiff's allegations amount to a takings claim, and there is an adequate remedy under Illinois law. Accordingly, Counts V, VI, VII and VII of Plaintiffs' Complaint are not ripe and should be dismissed with prejudice.

Although Plaintiffs characterize Counts V, VI, VII and VIII as substantive due process violations, they are, in reality, takings claims. Like most states, Illinois provides

an inverse condemnation procedure. *Conroy v. Village of Lisle,* 716 F.Supp. 1104, 1107 (N.D. Ill. 1989). This Court does not have jurisdiction over such a claim unless and until the Plaintiffs have availed themselves of all state law remedies available. *Williamson County Regional Planning Comm'n. v. Hamilton Bank,* 473 U.S. 172, 194-195, 105 S. Ct. 3108-21 (1985).

In *Williamson,* the Supreme Court "articulated a special ripeness doctrine for constitutional property rights claims." *Forseth v. Village of Sussee,* 199 F.3d at 368. Courts have interpreted the doctrine set forth in *Williamson* as mandating "the satisfaction of two requirements: (1) the 'Final Decision Requirement': the plaintiff must demonstrate that he or she received a 'final decision' from the relevant government entity [citations omitted]; and (2) the 'Exhaustion Requirement': the plaintiff must have sought 'compensation through the procedures the State has provided for doing so.'" *Forseth* at 372. Subsequent to the *Williamson* case, the courts have continually held that "A property owner may not avoid *Williamson* by applying the label 'substantive due process' to the claim. So too with the label 'procedural due process.' Labels do not matter. A person contending that state or local regulation of the use of land had gone overboard must repair to state court." *Forseth* at 368.

In *Forseth,* the plaintiffs were attempting to develop a parcel of property. The plaintiffs alleged that, through their actions during the permit process, the defendants were intentionally attempting to prevent and obstruct their proposed development. Although Plaintiffs alleged due process violations, the court held that the plaintiffs' claims were, in reality, takings claims and were subject to *Williamson's* requirement "that

they seek a final decision and pursue state court remedies before federal courts have jurisdiction to hear their case." *Forseth* at 370.

Even though the plaintiffs have alleged a substantive due process claim, it is actually a takings claim, and the Plaintiffs are required to meet the "Final Determination" requirement as well as the "Exhaustion" requirement. As the plaintiffs have failed to pursue their remedies under state law, they have not met the exhaustion requirement as mandated in *Williamson*. As stated in *Armendariz,* to allow a claim to proceed without exhausting state law remedies, allows it to bypass the prerequisites to Fifth Amendment takings claims; this affords the Plaintiffs protection under the Constitution that does not exist. *Armandariz v. Penman,* 75 F.3d at 1325.

Accordingly, this Court does not have subject matter jurisdiction over these claims as they are not ripe. Therefore, Counts V, VI, VII and VII of Plaintiffs' Complaint should be dismissed with prejudice.

## II.    COUNTS I, II, III AND IV ARE NOT RIPE AS THEY ARE ANCILLARY TO PLAINTIFFS' TAKINGS CLAIMS AND, ACCORDINGLY, SHOULD BE DISMISSED PURSUANT TO 12(b)6

The Plaintiffs' procedural due process claims were brought in conjunction with a takings claim and, therefore, these claims are also subject to the exhaustion requirement set forth in *Williamson*. It is only when a procedural due process claim is distinct from a takings claim that it will be cognizable in federal court. Accordingly, Counts I, II, III and IV should be dismissed with prejudice.

"Procedural due process claims arising from an alleged taking may be subject to the same ripeness requirements as the taking claim itself depending on the circumstances of the case." *Braun v. Ann Arbor Charter Tp.,* 519 F.3d 564, 572 (6th Cir. 2008). The

reasoning for subjecting a procedural due process claim to the exhaustion requirement in *Williamson* has been explained by the courts as follows:

> "Until the state courts have ruled on the plaintiffs' inverse condemnation claim, this court cannot determine whether a taking has occurred, and thus cannot address the procedural due process claim with a full understanding of the relevant facts. Furthermore, addressing the plaintiffs' procedural due process claim at this stage of the proceedings would allow future plaintiffs to effectively circumvent the ripeness requirement for takings claims simply by attaching a procedural due process claim to their complaint."
> *Id.*

Under certain circumstances, a procedural due process claim will be cognizable in Federal court. For example, in *Nasierowski v. Sterling Heights,* 949 F.2d 890 (6th Cir. 1991), the plaintiffs did not allege that defendant's actions deprived them of a property right; they didn't allege a takings claim. Rather, they alleged that they were entitled to notice and a hearing prior to rezoning of their property by the village defendant's. The court found that plaintiff's suffered a separate, concrete injury. That case is distinguished from the instant case in that Plaintiffs in this case are alleging that the Defendants' actions resulted in injury to their property interest and were entitled to notice and a hearing.

The instant case is more analogous to *Braun.* In *Braun,* the plaintiffs alleged a takings claim and a procedural due process claim. However, the court held that summary judgment was proper as the procedural due process claim was ancillary to their takings claim. The claims were based upon the same facts: they simply alleged that they were not given notice or a hearing prior to a deprivation of their property rights. Consequently, the court held that the procedural due process claim was also subject to the exhaustion requirement set forth in *Williamson.*

In the instant case, it has not yet been determined whether a taking occurred. Until that time, it cannot be known whether Plaintiffs were entitled to notice and hearing. To allow the procedural due process claim to go forward would allow Plaintiffs to escape the exhaustion requirement mandated by *Williamson*. Therefore, Counts I, II, III and IV should be dismissed with prejudice.

## III.    EVEN IF PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS CLAIMS ARE NOT DISMISSED PURSUANT TO RULE 12(b)1, THEY SHOULD BE DISMISSED PURSUANT TO RULE 12(b)6

**Standard of Review**

In a motion to dismiss, the court must take as true and view in the light most favorable to Plaintiffs all factual allegations contained in their complaint. *Crider v. Bd. of Co. Comm'r of Boulder,* 246 F.3d 1285, 1288 (10th Cir. 2001). "Dismissal under Rule 12(b)6 serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles Missouri,* 244 F.3d 623, 627 (8th Cir. 2001). "To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions." *Id.*

### A.    Plaintiffs Fail to Allege Facts Sufficient to Establish a Constitutionally Protected Property Interest

Even if the Plaintiffs' Substantive and Procedural Due Process Claims are not dismissed pursuant to 12(b)1, the Plaintiffs have failed to allege facts sufficient to establish that they have a constitutionally protected property interest and, consequently, these claims should be dismissed pursuant to 12(b)6.

"For both due process claims, as a threshold matter the court must determine whether the Plaintiffs have established a protectible property interest." *Highland*

*Development, Inc. v. Duchesne County,* 505 F.Supp.2d 1129, 1154 (2007). A property interest is defined "as a 'legitimate claim of entitlement' to some benefit." *Highland* at 1154, quoting *Hyde Park v. Santa Fe City Council,* 226 F.3d 1207 (10th Cir. 2000). To determine if an individual has a property right, the courts must look to state law. "Property rights are not created by the Constitution; rather, they are created by independent sources such as state law." *Highland* at 1156, quoting *Greenbriar Village, L.L.C. v. Mountain Brook City,* 345 F.3d 1258, 1262 (11th Cir. 2003). In the instant case, the plaintiffs fail to allege exactly what property right has been violated. Plaintiffs merely state that there was a "deprivation of their protected property interest . . ." (Comp. ¶ 21) or that they have a "tangible legal interest in the property . . ." (Comp. ¶ 31). Merely alleging a property interest is not enough. "An abstract need for, or unilateral expectation of, a benefit does not constitute 'property." *Highland* at 1154, quoting *Hyde Park,* 226 F.3d at 1210. "Instead, there must be a legitimate claim of entitlement to the property interest." *Highland* at 1154, quoting *Federal Lands Legal Consortium, v. United States,* 195 F.3d 1190, 1196 (10th Cr. 1999).

What the Plaintiffs appear to allege is a property interest in access to their property. They allege Defendants restricted access to their property by placing barricades at twelve entrances to the complex, (Comp. ¶ 9), the placement of the barricades restricted access to the complex (Comp. ¶ 12) and "should the City of Rolling Meadows continue to block ingress . . ." (Comp. ¶ 15). Plaintiffs may have a right of access to their property as an incident of ownership. *Ryan v. Rosenstone,* 169 N.E.2d 360, 20 Ill.2d 79(Ill. 1960) quoting *Illinois Malleable Iron Co. v. Com'rs of Lincoln Park,* 263 Ill. 446, 105 N.E. 336. However, a municipality "may regulate the use of the streets and other

municipal property" (65 ILCS 5/11-80-2).  Furthermore, the State has the right "to regulate and control the public highways for the benefit of the public even though the abutter may be inconvenienced." *Ryan* at 362, quoting *Illinois Malleable Iron Co v. Com'rs of Lincoln Park*, 263 Ill. 446, 105 N.E. 336.  Therefore, a property owner's right to access is subject to the municipality's right to regulate the public streets.

Illinois courts have held that, although the streets and sidewalks are held in trust by a municipality for public use, this right is not absolute:  "It is not an absolute right in every or any person at all times or under all circumstances, but is subject to such incidental or partial restriction or obstruction as manifest necessity may require." *Bond v. Dunmire*, 473 N.E.2d 78, 129 Ill.App.3d 769 (Ill. App. 4 Dist., 1984, quoting *City of Elmhurst v. Buettgen* (1946), 394 Ill. 248, 251-52, 68 N.E.2d 278, 281.  Restrictions or obstructions to access to one's property is reasonable if the regulation has a "basis in the doctrine of overruling necessity, or bear[s] some substantial relation to the public good." *City of Evanston v. City of Chicago*, 279 Ill.App.3d 255, 265, 664 N.E.2d 291, 215 Ill.Dec. 894.  Plaintiffs fail to allege facts sufficient to establish that Defendants' actions were not necessary, reasonable or bore some substantial relationship to the public good. As stated earlier, the City determined that taking affirmative steps to address the criminal activity at the apartment complex were needed.  All actions taken, including the use of barricades, were undertaken to ensure the health, safety and welfare of the inhabitants of the complex.  These restrictions to Plaintiffs' access to their property bear more than a substantial relation to the public good.

Plaintiffs merely state that they have been deprived of their "protected property interest" (Comp. ¶ 21) or that Defendants have "violated the Plaintiffs' constitutional

rights." These are mere legal conclusions; Plaintiffs fail to allege facts sufficient to establish that they have a constitutionally protected property interest in unrestricted access to their property. Mere legal conclusions are not adequate to survive a motion to dismiss pursuant to Fed. R. Civil Pro. 12(b)6. Accordingly, Plaintiffs' complaint should be dismissed with prejudice.

**B.    Plaintiffs Fail To Allege Facts Sufficient To Establish Defendants' Conduct Was Arbitrary and Capricious**

In the alternative, even if Plaintiffs have established a protectible property interest, they have failed to allege facts sufficient to sustain an allegation that Defendants' actions were arbitrary, capricious and/or irrational. Merely alleging arbitrary and capricious behavior does not meet the high standard required to maintain a due process violation.

The arbitrary and capricious standard applied to zoning matters should also be applied to limitations placed on the use of property. *Crider v. Bd. Of Co. Comm'rs Co. of Boulder*, 246 F.3d 1285, 1289 (10th Cir. 2001). In zoning matters, the arbitrary and capricious standard "does not simply mean erroneous. *Id.* Rather, "a claim can survive only if the alleged purpose behind the state action has no conceivable rational relationship to the exercise of the state's traditional police power through zoning." *Id.* Therefore, Plaintiffs need to establish that there was no conceivable rational basis for the Defendants' actions.

In *Crider,* plaintiffs alleged their substantive due process rights were violated by defendants' arbitrary and capricious behavior which deprived them of a property interest, and that there was no conceivable rational relationship between the defendants' actions and a legitimate public purpose. Rather, plaintiffs alleged that the defendants acted with

"improper motives." *Id.* As that court stated, "The defendants' actual motivations, however, are irrelevant to a substantive due process claim." "The true purpose of the policy (i.e., the actual purpose that may have motivated its proponents, assuming this can be known) is irrelevant for rational basis analysis." *Id.* at 1289 - 1290. "Under rational basis analysis, we look only to whether a 'reasonably conceivable' rational basis exists." *Id.* at 1290. Consequently, that court found that plaintiffs failed to allege the lack of a reasonably conceivable rational basis for the governmental action, and the case was dismissed.

As in *Crider,* Plaintiffs in the instant case allege that Defendants' actions were merely "pretext." (Comp. ¶ 3). However, as stated in *Crider,* the Defendants' motivations are irrelevant. Plaintiffs further allege that the City "is not engaged in a war, nor is it fighting imminent criminal activity" (Comp. ¶ 10), that the actions undertaken by Defendants was "not necessary" for the stated purpose, i.e. distributing flyers regarding safety concerns (Comp. ¶ 10), that the "flyer distribution scheme is merely a pretext," and that the action taken "was arbitrary and capricious." (Comp. ¶ 44). Although the City is not engaged in a war, the Defendants did believe that there was criminal activity occurring at the complex, and Defendants believed it to be in the best interest of the City to establish a police presence at the complex. This fact alone provides a rational basis for the Defendants' actions.

Furthermore, Plaintiffs allege that "requiring individuals to be subject to police inquiry is unconstitutional, and that there were no exigent circumstances to justify this intrusion." (Comp. ¶ 10). As an initial matter, Plaintiffs do not have standing to assert violations of others' constitutional rights. Even if Plaintiffs had standing, however, the

Supreme Court has recognized that a police officer's duties include that of community caretaking. Community caretaking functions have been defined as "those aspects of police function that relate to minimizing the likelihood of disorder . . . [and] are equal in their importance to the police function in identifying and punishing wrongdoers." *U.S. v. Garner,* 416 F.3d 1208, 1212 (Fed. 10th Cir. 2005), quoting *Cady v. Dombrowski,* 413 U.S. 433, 441, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). "In some circumstances, a police officer who is exercising these functions may properly detain a person." *U.S. v. Garner* at 1212-1213, quoting *United States v. King,* 990 F.2d 1552, 1560 (10th Cir. 1993). Such detentions "must be based upon 'specific and articulable facts which . . . reasonable warrant an intrusion' into the individual's liberty" and "the government's interest must outweigh the individual's interest in being free from arbitrary governmental interference." *Id.* at 1213.

Defendants have a legitimate purpose in protecting the health, safety and welfare of the City's inhabitants. In fact, it is an affirmative duty. "Only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Highland v. Duchesne County,* 505 F.Supp.2d at 1160, quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). These allegations, even if proven, do not rise to arbitrary and capricious behavior on the part of Defendants, nor could they be considered egregious.

Plaintiffs allegations fail to establish that Defendants' actions were arbitrary, capricious, or that there could be no conceivable rational basis for their actions. Accordingly, their complaint should be dismissed with prejudice.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Complaint at Law with prejudice.

Respectfully Submitted,

STORINO, RAMELLO & DURKIN


s/ James E. Macholl

JAMES E. MACHOLL, ARDC No. 6184395
RICHARD J. RAMELLO, ARDC No. 3124818
MICHAEL K. DURKIN, ARDC No. 3121686
ANGELO F. DEL MARTO, ARDC No. 6191333
MELISSA A. MIROBALLI, ARDC No. 6243511
Storino, Ramello & Durkin
9501 West Devon Avenue, 8th Floor
Rosemont, Illinois 60018
847-318-9500