IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY and MICHAEL SPARKS, an Individual, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 08 CV 3462 |
| vs. | ) ) ) | Judge Manning |
| THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS, | ) ) ) ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
AMENDED COMPLAINT PURSUANT TO 12(b)1 and 12(b)6**

NOW COME Defendants, Thomas Melena, Steven Williams, City of Rolling Meadows and unknown Rolling Meadows police officers, by and through their attorneys, James E. Macholl, Richard J. Ramello, Michael K. Durkin, Angelo F. DelMarto and Melissa Miroballi, and moves this Honorable Court to dismiss the Plaintiffs' Amended Complaint at Law ("Complaint") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and in support thereof state as follows:

### I. INTRODUCTION

1. Plaintiffs own an apartment complex located in the City of Rolling Meadows ("City").

2. As a result of criminal activity at the apartment complex, on or about June 9, 2008, the Rolling Meadows police department erected barricades upon the City streets at all of the entrances to the complex except one.

3. A police officer was then stationed at the remaining entrance and distributed information regarding crime prevention and safety precautions.

4. The City had determined that a visible police presence at the complex was necessary and the best means by which to maintain the health, safety and welfare of not only the inhabitants of the complex, but of the entire City.

5. Plaintiffs allege the City's actions violated their constitutionally protected substantive and procedural due process rights, and have filed the Complaint under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiffs also seek to impose liability on the City for any judgment entered against the individual defendants pursuant to 745 ILCS 10/9-102 and the Doctrine of *Respondeat Superior*.

## II. COUNTS V, VI AND VII OF PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)1

6. Plaintiffs' Complaint alleges that when the City of Rolling Meadows ("City") blocked twelve of the thirteen entrances to Woodfield Gardens, the City deprived the Plaintiffs of their substantive due process rights under the Fourteenth Amendment of the United States Constitution.

7. Plaintiffs' claim is not a civil rights action, but rather an inverse condemnation or "taking" claim.

8. The State of Illinois adequately provides relief for property owners who have a claim for allegations of inverse condemnation under Illinois Eminent Domain Act. 735 ILCS 30/1-1-1, *et seq*.

132633-1

9. Plaintiffs have not proceeded under the Illinois Eminent Domain Act but, rather, chose to commence this action in Federal court on a civil rights claim.

10. Plaintiffs' causes of action are not ripe for a Federal Civil Rights Action due to the failure of the Plaintiffs to proceed under 735 ILCS 30/1-1-1, *et seq.* and exhaust their state court remedies.

11. Respectfully, this Honorable Court lacks subject matter jurisdiction over the Plaintiffs' substantive due process and procedural due process claims as the Plaintiffs have an adequate state law remedy and Plaintiffs have not pursued the state law remedy.

WHEREFORE, Defendants respectfully move this Honorable Court to dismiss Counts V, VI and VII of the Plaintiffs' Complaint, with prejudice.

### III. PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIMS ARE ANCILLARY TO PLAINTIFFS' INVERSE CONDEMNATION CLAIM AND COUNTS I, II AND III SHOULD BE DISMISSED PURSUANT TO RULE 12(b)1

12. Plaintiffs' Complaint alleges the City deprived Plaintiffs of their procedural due process rights by placing barriers at twelve of the thirteen entrances to Woodfield Gardens without notice or a hearing.

13. Claims of denial of procedural due process rights are considered to be ancillary if they are based on a taking claim, and a plaintiff fails to exhaust their state court remedies to determine if in fact, as a matter of law, there is a taking.

14. Plaintiffs' failure to proceed under 735 ILCS 30/1-1-1, *et seq.* and exhaust their state court remedies requires the dismissal of Plaintiffs' procedural due process claims.

WHEREFORE, Defendants respectfully move this Honorable Court to dismiss Counts I, II and III of the Plaintiffs' Complaint with prejudice.

132633-1

### IV. COUNTS IV AND VIII SHOULD BE
### DISMISSED PURSUANT TO RULE 12(b)(1)

15. Plaintiffs allege that the City's regulation caused Plaintiffs to suffer an economic injury due to the violation of their substantive and procedural due process.

16. The Plaintiffs' Complaint, in realty, alleges a taking rather than a substantive or procedural due process claim.

17. There must first be a finding of a taking before a determination may be made that Plaintiffs suffered any constitutional injury.

Wherefore, Defendants respectfully move this Honorable Court to dismiss Counts IV and VIII of Plaintiffs' Complaint with prejudice.

### V. PLAINTIFFS FAIL TO ALLEGE SUFFICIENT
### FACTS TO ESTABLISH A PROTECTIBLE PROPERTY INTEREST

18. Plaintiffs' Complaint alleges that Plaintiffs have a protectable property interest to complete, free and unobstructed access to their property from the public right-of-way.

19. Plaintiffs' property rights are created by the laws of the State of Illinois and not the United States Constitution.

20. Under Illinois law, the right of access to property is not absolute and is subject to regulation under the City's police power. Plaintiffs always had access to their property.

21. The Defendants' blocking 12 of 13 entrances to Woodfield Gardens to distribute information on crime prevention and safety precautions bears a substantial relationship to the public good.

22. Plaintiffs' Complaint fails to allege sufficient facts to establish a constitutionally protected property interest in unrestricted access to their property.

WHEREFORE, Defendants respectfully move this Honorable Court to dismiss Plaintiffs' Complaint, with prejudice, pursuant to Rule 12(b)(6).

### VI. PLAINTIFFS' COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO ESTABLISH DEFENDANTS' CONDUCT WAS ARBITRARY AND CAPRICIOUS

23.    Plaintiffs' Complaint alleges that the Defendants' conduct was arbitrary and capricious.

24.    The Defendants restricting access to Plaintiffs' property to distribute crime prevent and safety information is a valid exercise of the City's police powers.

25.    Plaintiffs fail to allege facts which demonstrate that the Defendants actions bear no conceivable rational relationship to the City's police powers.

WHEREFORE, the Defendants respectfully move this Honorable Court to dismiss Counts I through VIII of the Plaintiffs' Complaint, with prejudice, pursuant to Rule 12(b)(6).

### VI. COUNTS IX AND X ARE DEPENDENT ON THE VIABILITY OF COUNTS 1 THROUGH VIII AND SHOULD ALSO BE DISMISSED

26.    Count IX of the Complaint alleges the City is liable for the acts of its City Manager's, Police Chief's and police officers' individual actions.

27.    Count X of the Complaint alleges that the City is liable for the acts of its City Manager, Police Chief and individual police officers under the *respondent superior* doctrine.

28.    Both Counts IX and X are dependent upon the viability of Counts I through VIII, inclusive, and should be dismissed along with Counts I through VIII, inclusive, under Rules 12(b)1 and 12(b)6 for the reasons set forth herein.

WHEREFORE, the Defendants respectfully pray that this Honorable Court dismiss both Counts IX and X of the Complaint, with prejudice.

132633-1

Respectfully Submitted,

s/ James E. Macholl
James E. Macholl
One of the Defendants' Attorneys

JAMES E. MACHOLL, ARDC No. 6184395
RICHARD J. RAMELLO, ARDC No. 3124818
MICHAEL K. DURKIN, ARDC No. 3121686
ANGELO F. DEL MARTO, ARDC No. 6191333
MELISSA A. MIROBALLI, ARDC No. 6243511
Storino, Ramello & Durkin
9501 West Devon Avenue, 8th Floor
Rosemont, Illinois  60018
847-318-9500

132633-1