IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY and MICHAEL SPARKS, an Individual, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 08 CV 3462 |
| vs. | ) ) ) | Judge Manning |
| THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS, | ) ) ) ) ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO 12(b)(1) and 12(b)(6)**

# TABLE OF CONTENTS

TABLE OF CONTENTS ……………………………………………...ii

TALBE OF AUTHORITIES …………………………………………iii

STATEMENT OF FACTS ……………………………………………1

ARGUMENT ……………………………………………………..2

I.  DISMISSAL OF COUNTS V, VI AND VII PURSUANT TO RULE
    12(b)(1) ……………………………………………....2

    A.  Standard of Review ………………………………2
    B.  Substantive Due Process Claims ……………………3
    C.  Ripeness of Claims ………………………………4

II. DISMISSAL OF COUNTS I, II AND III PURSUANT TO RULE
    12(b)(1) …………………………………………..…7

    A.  Standard of Review ………………………………..7
    B.  Ripeness of Procedural Due Process Claims ……………..…...7

III. DISMISSAL OF COUNTS IV AND VIII PURSUANT TO RULE
    12(b)(1) ………………………………………………10

    A.  Standard of Review ………………………….…10
    B.  Ripeness of Monell Claims ……………………………10

IV. DISMISSAL OF SUBSTANTIVE AND PROCEDURAL DUE
    PROCESS CLAIMS PURSUANT TO 12(B)(6) ………….…………11

    A.  Standard of Review …………………………….…11
    B.  Constitutionally Protected Property Interest ……...…….…….11
    C.  Arbitrary and Capricious Behavior ………………………14
    D.  State Claims for City Liability and Respondeat Superior ……….17

V.  CONCLUSION …………………………………….......…18

132555-1

# TABLE OF AUTHORITIES

## Cases

*Baker vs. McCollan,* 443 U.S. 137, 99 S.Ct. 26899, 61 L.Ed.2d 433 (1979) ................5

*Bateman vs. City of West Bountiful,* 89 F.3d 704 (C.A. 10 (Utah) 1996) ..........…..2, 7, 10

*Beary Landscaping, Inc. vs. Ludwig,*
    479 F.Supp.2d 857 (N.D. Ill. 2007) ………………………….....….2, 7, 10, 11, 15

*Bond vs. Dunmire,* 473 N.E.2d 78, 129 Ill.App.3d 769 (Ill.App. 4 Dist., 1984) ….…....14

*Brandon vs. Village of Maywood,* 157 F.Supp.2d 917 (N.D.Ill. 2001) ……….….……..10

*Braun vs. Ann Arbor Charter Tp.,* 519 F.3d 564 (6th Cir. 2008) …………..…….………..8

*Cady vs. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973) ….………16

*City of Elmhurst vs. Buettgen,* 394 Ill. 248, 68 N.E.2d 278 (1946) ………….…..….…14

*City of Evanston vs. City of Chicago,* 279 Ill.App.3d 255,
    664 N.E.2d 291, 215 Ill.Dec. 894 ………………………………………...……..13

*Colville vs. City of Rochelle,* 268 N.E.2d 222 (2nd Dist. 1970) …………………….…..13

*Conroy vs. Village of Lisle,* 716 F.Supp. 1104 (N.D. Ill. 1989) …………………….……5

*County of Sacramento vs. Lewis,*
    523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed 2d 1043 (1998) …………….…....……14, 17

*Dept. of Public Works & Buildings vs. Finks,* 139 N.E.2d 242 (1956) …………..……….4

*Federal Lands Legal Consortium vs. United States,*
    195 F.3d 1190 (10th Cir. 1999) ……………………………………………….......12

*Finsel vs. Cruppenink,* 326 F.3d 903 (7th Cir. 2003) ……………………………....…...16

*Forseth vs. Village of Susse,* 199 F.3d 363 (7th Cir. (Wis.) 2000) …………………….3, 4, 6

*Gasick vs. City of Peoria,* 2008 WL 718478 (C.D. Ill. 2008) ……………………………9

iii

*Graham vs. Conner,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ..............5

*Greenbriar Village, L.L.C. vs. Mountain Brook City,*
    345 F.3d 1258 (11th Cir. 2003) ..........................................…..…….12

*Greenfield Mills, Inc. vs. Macklin,* 361 F.3d 934 (7th Cir. 2004) ...........................4

*Hager vs. City of West Peoria,* 84 F.3d 865 (7th Cir. (Ill.) 1996) ........................4, 6

*Herrington vs. County of Sonoma,* 834 F.2d 1488 (9th Cir. 1987) ...........................5

*Highland Development, Inc. vs. Duchesne County,*
    505 F.Supp.2d 1129 (D.Utah 2007) ........................................3, 11, 12, 17

*Hyde Park vs. Santa Fe City Council,* 226 F.3d 1207 (10th Cir. 2000) ....................12

*Illinois Malleable Iron Co. vs. Commissioners of Lincoln Park,*
    263 Ill. 446, 105 N.E. 336 .........................................…..................12

*Kamaole Point Development LP vs. County of Maui, et al.,*
    2008 WL 2622819 (D.Hawaii 2008) ....................................................15

*Kelly vs. Bd. of Ed. Of McHenry Community High School Dist.,*
    2006 WL 2726231 (N.D. Ill. 2006) ...................................................…..15

*Khan vs. Gallitano,* 180 F.3d 829 (7th Cir. 1999) .............................................15

*Martino vs. MCI Communication Services, Inc.,*
    2008 WL 2157170 (N.D. Ill. 2008) ....................................................18

*Nasierowski vs. Sterling Heights,* 949 F.2d 890 (6th Cir. 1991) ..............................8

*People of the State of Illinois vs. Robinson,*
    368 Ill.App.3d 963, 859 N.E.2d 232, 307 Ill.Dec. 232 ..............................16

*Popp vs. City of Aurora,* 2000 WL 804689 (N.D.Ill. 2000) .........................4, 7, 8, 9

*Ryan vs. Rosenstone,* 169 N.E.2d 360, 20 Ill.2d 79 (Ill. 1960) ..............................12

*SGB Financial Services, Inc. vs. Consolidated City of Indianapolis –*
    *Marion County, et al.,* 235 F.3d 1036 (7th Cir. 2000) ....................…..……...5

*Spencer vs. National Railroad Passenger Corp.,*
    141 F.Supp.2d 1147 (N.D. Ill. 2001) .................................…..……….15

*U.S. vs. Garner,* 416 F.3d 1208 (10th Cir. 2005) ……………………………..…………16

*United States vs. King,* 990 F.2d 1552 (10th Cir. 1993) …………………………………16

*Unity Ventures vs. County of Lake,* 841 F.2d 770 (7th Cir. 1988) ………………..………..8

*Williamson County Regional Planning Commission vs. Hamilton Bank,*
473 U.S. 172, 105 S.Ct. 3108-21 (1985) …………………………………....……..6

## Statutes

42 U.S.C. § 1983 …………………………………………………………………..……...2, 3

65 ILCS 5/11-80-2 …………………………...……………………………………………..12

28 U.S.C. § 1367 ……………...…………………………………………………..17-18

745 ILCS 10/9-102 …………………………...……………………………………………17

v

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| W/G KRISTINA 123 LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G LCD, LLC, A DELAWARE LIMITED LIABILITY COMPANY, W/G SPI LLC, A DELAWARE LIMITED LIABILITY COMPANY and MICHAEL SPARKS, an Individual, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) No. 08 CV 3462 ) |
| vs. | ) Judge Manning ) |
| THOMAS MELENA, ROLLING MEADOWS CITY MANAGER, STEVEN WILLIAMS, ROLLING MEADOWS POLICE CHIEF, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS, | ) Magistrate Judge ) Geraldine Soat Brown ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO 12(b)(1) and 12(b)(6)**

Defendants, Thomas Melena, Steven Williams, City of Rolling Meadows and unknown Rolling Meadows police officers, by and through their attorneys, James E. Macholl, Richard J. Ramello, Michael K. Durkin, Angelo F. DelMarto and Melissa A. Miroballi, in support of their Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1)and 12(b)(6) of the Federal Rules of Civil Procedure, state as follows:

**STATEMENT OF FACTS**

Plaintiffs own and operate an apartment complex known as Woodfield Gardens located in the City of Rolling Meadows ("City"). As a result of criminal activity at the apartment complex, on or about June 9, 2008, the Rolling Meadows police department

erected barricades on the City streets at twelve of the thirteen entrances to the complex. A police officer was then stationed at the remaining entrance who distributed information regarding safety precautions that could be used by the residents to protect themselves and their property from criminal activity. The City had determined that a visible police presence at Woodfield Gardens was necessary and the best means by which to maintain the health, safety and welfare of not only the inhabitants of the complex, but of the entire City. Plaintiffs allege the City's actions violated their constitutionally protected property interest, and have filed an Amended Complaint under the Civil Rights Act, 42 U.S.C. § 1983.

Plaintiffs' Amended Complaint should be dismissed in its entirety because this Court lacks subject matter jurisdiction and/or because Plaintiffs have failed to allege facts sufficient to establish that they have a constitutionally protected property interest or that Defendants' conduct was arbitrary and capricious.

## ARGUMENT

### I. COUNTS V, VI AND VII OF PLAINTIFFS' COMPLAINT ARE NOT RIPE AND, ACCORDINGLY, SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 12(b)(1)

#### A. Standard of Review

In a motion to dismiss, "the Court accepts all well-pleaded facts alleged in the complaint as true and affords the plaintiff all reasonable inferences from those facts." *Beary Landscaping, Inc. vs. Ludwig,* 479 F.Supp.2d 857, 865 (N.D.Ill. 2007). "The ripeness inquiry requires the court to evaluate 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Bateman vs. City of West Bountiful,* 89 F.3d 704, 706 (C.A. 10 (Utah) 1996).

**B.    Plaintiffs Mischaracterize Counts V, VI and VII as Claims Under the Fourteenth Amendment's Substantive Due Process Clause**

In Counts V, VI and VII of Plaintiffs Amended Complaint, Plaintiffs allege causes of action under 42 U.S.C. § 1983 based upon violations of their Fourteenth Amendment substantive due process rights. However, these alleged violations, if proven, would amount to a takings claim. Merely characterizing a claim as a substantive due process claim does not alter the fact that, in actuality, it is a takings claim.

Plaintiffs allege that placement of the barricades on the City's right-of-way in front of the entrances to the apartment complex by Defendants was "arbitrary and capricious, depriving Plaintiffs of their property interest." (Comp. ¶ 72, 77, 82.) Furthermore, Plaintiffs state that this alleged deprivation resulted in monetary damages from loss of business, renters and goodwill. (Comp. ¶ 31.) In other words, Plaintiffs are alleging that the Defendants' regulation of the access to their property has gone too far, resulting in economic harm to their property interest. Allegations of economic injury to property interests resulting from government action implicate the takings clause: "Even if they have not alleged a takings claim, their claims of injury certainly implicate the takings clause. And they have not gone through the procedures necessary to properly position their claims for court review." *Highland Development, Inc. vs. Duchesne County,* 505 F.Supp.2d 1129, 1159 (D.Utah 2007). *See also Forseth vs. Village of Susse,* 199 F.3d 363 (7th Cir. (Wis.) 2000), (stating that the labeled substantive due process claim falls within the framework for a takings claim.)

Although Plaintiffs allege that the placement of barriers on the City's right-of-way in front of the entrances to their property constituted a violation of their substantive due process rights, "where real estate is actually invaded by superinduced additions of

water, earth, sand, or other material, or by having any artificial structure placed on it, so as to effectively destroy or impair its usefulness, it is a taking, within the meaning of the Constitution." *Greenfield Mills, Inc. vs. Macklin,* 361 F.3d 934 (7th Cir. 2004). When access to one's property is limited it is an eminent domain action. *Dept. of Public Works & Buildings vs. Finks,* 139 N.E.2d 242 (1956).

In *Forseth vs. Village of Susse,* 199 F.3d 363 (C.A.7 (Wis.) 2000), developers brought an action under § 1983 alleging violations of their substantive due process rights. Plaintiffs alleged that the Village defendants, *inter alia,* interfered with the construction of their proposed development according to a "plan of harassment . . . designed to exact retribution and vengeance" and, further, that defendants engaged "in a series of actions [designed] to prevent and obstruct the Forsesth's proposed development." *Id.* at 366. That court found that the plaintiffs' claim was actually a takings claim, and merely labeling a takings claim as a substantive due process claim did not change the fact that it was a takings claim. "Labels do not matter. A person contending that state or local regulation of the use of land has gone overboard is a takings claim. *Id.* at 368. (*See also Hager vs. City of West Peoria,* 84 F.3d 865, 869 (7th Cir. (Ill.) 1996), stating that "suit for excessive regulation is for inverse condemnation . . .")

Plaintiffs in the instant case allege, in effect, that the placement of the barricades on the City's right-of-way limiting access to their property was a regulatory action that went too far. As in *Forseth,* a regulation that goes too far is a taking.

### C. Counts V, VI and VII of Plaintiffs' Amended Complaint are not Ripe and, Accordingly, Should be Dismissed With Prejudice

"Ripeness is an element of the case or controversy requirement of Article III of the United States Constitution." *Popp vs. City of Aurora,* 2000 WL 804689, at *4 (N.D.

Ill. 2000). "In land use challenges, the doctrine is 'intended to avoid premature adjudication or review of administrative action. It rests upon the idea that courts should not decide the impact of regulation until the full extent of the regulation has been finally fixed and the harm caused by it is measurable." *Id.*, quoting *Herrington vs. County of Sonoma,* 834 F.2d 1488, 1494 (9th Cir. 1987). The Plaintiff's allegations amount to a takings claim, there is an adequate remedy under Illinois law, and Plaintiffs have failed to show that this remedy is inadequate. Accordingly, Counts V, VI and VII of Plaintiffs' Complaint are not ripe and should be dismissed with prejudice.

The courts have stated that "§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham vs. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) quoting *Baker vs. McCollan,* 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979). "'The first inquiry in any § 1983 suit' is 'to isolate the precise constitutional violation with which the defendant is charged.'" *Id.*

Although Plaintiffs characterize Counts V, VI and VII as substantive due process violations, they are, in reality, takings claims. Like most states, Illinois provides an inverse condemnation procedure. *Conroy vs. Village of Lisle,* 716 F.Supp. 1104, 1107 (N.D. Ill. 1989). "If the state entertains inverse-condemnation suits – it is hard to see how the state could be thought in violation of the Constitution. And if the state is not violating the Constitution, there is no basis for relief under § 1983." *SGB Financial Services, Inc. vs. Consolidated City of Indianapolis – Marion County, et al.,* 235 F.3d 1036, 1037 (7th Cir. 2000). The 7th Circuit has recognized that claims of excessive regulation to a property interest must be pursued in state court. "A person contending that state or local

regulation of the use of land has gone overboard must repair to state court." *Hager vs. City of West Peoria,* 84 F.3d 865, 869 (7th Cir. 1996). A "suit for excessive regulation is for inverse condemnation, which belongs first in state court." *Id.* at 869. This Court does not have jurisdiction over such a claim unless and until the Plaintiffs have availed themselves of all state law remedies available. *Williamson County Regional Planning Comm'n. vs. Hamilton Bank,* 473 U.S. 172, 194-195, 105 S. Ct. 3108-21 (1985).

In *Williamson,* the Supreme Court "articulated a special ripeness doctrine for constitutional property rights claims." *Forseth vs. Village of Sussee,* 199 F.3d at 368. Courts have interpreted the doctrine set forth in *Williamson* as mandating "the satisfaction of two requirements: (1) the 'Final Decision Requirement': the plaintiff must demonstrate that he or she received a 'final decision' from the relevant government entity [citations omitted]; and (2) the 'Exhaustion Requirement': the plaintiff must have sought 'compensation through the procedures the State has provided for doing so.'" *Forseth* at 372. Subsequent to the *Williamson* case, the courts have continually held that "A property owner may not avoid *Williamson* by applying the label 'substantive due process' to the claim. So too with the label 'procedural due process.' Labels do not matter. A person contending that state or local regulation of the use of land had gone overboard must repair to state court." *Forseth* at 368. "The exhaustion requirement of *Williamson County* applies whether plaintiffs claim an uncompensated taking, inverse condemnation, or due process violations." *Hager* at 869.

Even though the plaintiffs have alleged a substantive due process claim, it is actually a takings claim, and the Plaintiffs are required to meet the "Final Determination" requirement as well as the "Exhaustion" requirement. As this court has stated, "although

we have recognized the potential for a plaintiff to maintain a substantive due process claim in the context of land use decisions, . . . we have yet to excuse any substantive due process claim in the land-use context from *Williamson's* ripeness requirements." *Popp vs. City of Aurora,* 2000 WL 804689, at *6 (N.D.Ill. 2000). As the plaintiffs have failed to pursue their remedies under state law, they have not met the exhaustion requirement as mandated in *Williamson*.

Accordingly, this Court does not have subject matter jurisdiction over these claims as they are not ripe. Therefore, Counts V, VI and VII of Plaintiffs' Amended Complaint should be dismissed with prejudice.

## II.    COUNTS I, II AND III ARE NOT RIPE AS THEY ARE ANCILLARY TO PLAINTIFFS' TAKINGS CLAIMS AND, ACCORDINGLY, SHOULD BE DISMISSED PURSUANT TO 12(b)(1)

### A.    Standard of Review

In a motion to dismiss, "the Court accepts all well-pleaded facts alleged in the complaint as true and affords the plaintiff all reasonable inferences from those facts." *Beary Landscaping, Inc. vs. Ludwig,* 479 F.Supp.2d 857, 865 (N.D.Ill. 2007). "The ripeness inquiry requires the court to evaluate 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Bateman vs. City of West Bountiful,* 89 F.3d 704, 706 (C.A. 10 (Utah) 1996).

### B.    Plaintiffs' Procedural Due Process Claims are Not Ripe

As an initial matter, Plaintiffs state that they "were not provided notice that their residents and guest would be stopped . . ." (Compl. ¶ 33 and 37.) However, Plaintiffs do not have standing to claim a violation of their due process rights resulting from an alleged violation of another's rights. (Judge Virginia M. Kendall's Order of June 20, 2008.)

Nevertheless, Plaintiffs' procedural due process claims fail as they were brought in conjunction with a takings claim and, therefore, are subject to the *Williamson* exhaustion requirement. It is only when a procedural due process claim is distinct from a takings claim that it will be cognizable in federal court. Accordingly, Counts I, II and III should be dismissed with prejudice.

"Ripeness applies to procedural due process claims as well as takings and substantive due process claims. The court 'will not evaluate the adequacy of the procedures available to the plaintiffs before they have availed themselves of those procedures. *Popp* at *6, quoting *Unity Ventures vs. County of Lake,* 841 F.2d 770, 774 (7th Cir. 1988). The reasoning for subjecting a procedural due process claim to the exhaustion requirement in *Williamson* has been explained by the courts as follows:

> "Until the state courts have ruled on the plaintiffs' inverse condemnation claim, this court cannot determine whether a taking has occurred, and thus cannot address the procedural due process claim with a full understanding of the relevant facts. Furthermore, addressing the plaintiffs' procedural due process claim at this stage of the proceedings would allow future plaintiffs to effectively circumvent the ripeness requirement for takings claims simply by attaching a procedural due process claim to their complaint." *Braun vs. Ann Arbor Charter Tp.,* 519 F.3d 564, 572 (6th Cir. 2008).

Under certain circumstances, a procedural due process claim will be cognizable in Federal court. For example, in *Nasierowski vs. Sterling Heights,* 949 F.2d 890 (6th Cir. 1991), the plaintiffs did not allege that defendant's actions deprived them of a property right; they didn't allege a takings claim. Rather, they alleged that they were entitled to notice and a hearing prior to rezoning of their property by the village defendants. The court found that plaintiffs suffered a separate, concrete injury. That case is distinguished from the instant case in that Plaintiffs in this case are alleging that the Defendants'

actions resulted in economic injury to their property interest and were entitled to notice and a hearing; Plaintiffs allege a takings claim and, as such, their procedural due process claim can only stand if it is found that a taking has occurred.

The instant case is more analogous to *Braun.* In *Braun,* the plaintiffs alleged a takings claim and a procedural due process claim. However, the court held that summary judgment was proper as the procedural due process claim was ancillary to the takings claim. The claims were based upon the same facts; they simply alleged that they were not given notice or a hearing prior to the deprivation of their property rights. Consequently, the court held that the procedural due process claim was also subject to the exhaustion requirement set forth in *Williamson.* "Procedural due process claims require a two-step analysis. The first step requires us to determine whether the plaintiff has been deprived of a protected interest; the second requires a determination of what process is due." *Gasick vs. City of Peoria,* 2008 WL 718478 (C.D. Ill. 2008). "Ripeness applies to procedural due process claims as well as takings and substantive due process claims; the court will not evaluate the adequacy of the procedures available to the plaintiffs before they have availed themselves of those procedures." *Popp* at *6.

In the instant case, it has not yet been determined whether a taking occurred. Until that time, it cannot be known what process Plaintiffs were entitled. To allow the procedural due process claim to go forward would allow Plaintiffs to escape the exhaustion requirement mandated by *Williamson.* Therefore, Counts I, II and III should be dismissed with prejudice.

### III.     COUNTS IV AND VIII OF PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1)

#### A.     Standard of Review

In a motion to dismiss, "the Court accepts all well-pleaded facts alleged in the complaint as true and affords the plaintiff all reasonable inferences from those facts." *Beary Landscaping, Inc. vs. Ludwig,* 479 F.Supp.2d 857, 865 (N.D.Ill. 2007).     "The ripeness inquiry requires the court to evaluate 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Bateman vs. City of West Bountiful,* 89 F.3d 704, 706 (C.A. 10 (Utah) 1996.)

#### B.     Plaintiffs' Claims Under Monell are not Ripe

Counts IV and VIII of Plaintiffs' Amended Complaint allege causes of action for procedural and substantive due process under Monell.  Pursuant to Monell, "to establish municipal liability under § 1983, the plaintiffs must be able to prove (1) the existence of 'an express policy that, when enforced, causes a constitutional deprivation'; (2) the existence of 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law'; or (3) an act of a 'person with final policymaking authority 'that causes a constitutional injury." *Brandon vs. Village of Maywood,* 157 F.Supp. 2d 917 (N.D.Ill. 2001).

The constitutional injury alleged by Plaintiffs is that their substantive and procedural due process rights were violated in that they suffered economic injury to their property interests resulting from Defendants' regulation.  However, as previously stated, this amounts to a taking and, until it is determined that a taking has occurred, it cannot be

known whether Plaintiffs in fact suffered any constitutional injury. Counts IV and VIII of Plaintiffs' Amended Complaint fail, as they are not ripe and, accordingly, they should be dismissed.

## IV. EVEN IF PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS CLAIMS ARE NOT DISMISSED PURSUANT TO RULE 12(b)(1), THEY SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

### A. Standard of Review

"A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint for 'failure to state a claim upon which relief can be granted.'" *Beary Landscaping, Inc. vs. Ludwig,* 479 F.Supp.2d 857, 865 (N.D.Ill. 2007). "In ruling on the motion, the Court accepts all well-pleaded facts alleged in the complaint as true and affords the plaintiff all reasonable inferences from those facts." *Id.* "A complaint should not be dismissed for failure to state a claim unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*

### B. Plaintiffs Fail to Allege Facts Sufficient to Establish a Constitutionally Protected Property Interest

Even if the Plaintiffs' substantive and procedural due process claims are not dismissed pursuant to 12(b)(1), the Plaintiffs have failed to establish they have a Constitutionally protected property interest to support their claim and, consequently, these claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

"For both due process claims, as a threshold matter the court must determine whether the Plaintiffs have established a protectible property interest." *Highland Development, Inc. vs. Duchesne County,* 505 F.Supp.2d 1129, 1154 (Utah 2007). A property interest is defined "as a 'legitimate claim of entitlement' to some benefit."

*Highland* at 1154, quoting *Hyde Park vs. Santa Fe City Council,* 226 F.3d 1207 (10th Cir.

2000).  To determine if an individual has a property right, the courts must look to state

law.  "Property rights are not created by the Constitution; rather, they are created by

independent sources such as state law." *Highland* at 1156, quoting *Greenbriar Village,*

*L.L.C. vs. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003).

Plaintiffs state that there was a deprivation of their property interest . . ." (Comp.

¶ 72, 83 and 87), that there has been an "adverse impact on Plaintiffs' interest in the

property" (Comp.   ¶ 62 and 63), and that they have a "tangible legal interest in the

property . . ." (Comp. ¶ 40).   Merely alleging a property interest is not enough.  "An

abstract need for, or unilateral expectation of, a benefit does not constitute 'property."

*Highland* at 1154, quoting *Hyde Park*, 226 F.3d at 1210.  "Instead, there must be a

legitimate claim of entitlement to the property interest." *Highland* at 1154, quoting

*Federal Lands Legal Consortium, vs. United States*, 195 F.3d 1190, 1196 (10th Cr. 1999).

Plaintiffs appear to allege a constitutionally protected interest in access to their

property: "Blocking off entrances to peoples' homes . . . is unconstitutional," (Comp. ¶

11) ". . . the barricades might continue to restrict access to the premises . . ." (Comp. ¶

13), and the use of "barricades to block ingress into the apartment complex . . ." (Comp.

¶ 30)  Under Illinois law, Plaintiffs have a right of access to their property as an incident

of ownership.   *Ryan vs. Rosenstone*, 169 N.E.2d 360, 20 Ill.2d 79 (Ill. 1960) quoting

*Illinois Malleable Iron Co. vs. Com'rs of Lincoln Park*, 263 Ill. 446, 105 N.E. 336.

However, a municipality "may regulate the use of the streets and other municipal

property." (65 ILCS 5/11-80-2.)  A municipality holds its streets "in trust for the benefit

of the public . . . their judgment, if fairly exercised, with reference to the public necessity

for a street and the requirements of the public interest, is not subject to control of the courts; that it is only where it is apparent that their action, with respect to the streets, has been taken without regard to public interests that such action will be declared void; and that even though a court may disagree with their wisdom or judgment, it will not undertake to substitute its own judgment for that of the trustees on the issue." *Colville vs. City of Rochelle,* 268 N.E.2d 222, 225 (2nd Dist. 1970). Therefore, a property owner's right of access is subject to the municipality's right to regulate the public streets as long as the regulation is within the public interest and, in this case, the Plaintiffs always had access to their property.

Restrictions or obstructions to access to one's property is reasonable if the regulation has a "basis in the doctrine of overruling necessity, or bear[s] some substantial relation to the public good." *City of Evanston vs. City of Chicago*, 279 Ill.App.3d 255, 265, 664 N.E.2d 291, 215 Ill.Dec. 894. Plaintiffs fail to allege facts sufficient, and would be unable to, to establish that Defendants' actions were not necessary, reasonable or bore some substantial relationship to the public good. All Plaintiffs allege is that there are "no exigent circumstances to justify this intrusion. Rolling Meadows is not engaged in a war, nor is it fighting imminent criminal activity." (Comp. ¶ 11.) They further allege that the distribution of safety information "is merely a pretext." (Comp. ¶ 11.) However, as stated earlier, the City determined that taking affirmative steps to address the criminal activity at the apartment complex were needed. (Comp. ¶ 11.) All actions taken, including the use of barricades, were undertaken to ensure the health, safety and welfare of the inhabitants of the complex. These restrictions to Plaintiffs' access to their property bore more than a substantial relation to the public good. Furthermore, although the

streets and sidewalks are held in trust by a municipality for public use, this right is not absolute: "It is not an absolute right in every or any person at all times or under all circumstances, but is subject to such incidental or partial restriction or obstruction as manifest necessity may require." *Bond vs. Dunmire*, 473 N.E.2d 78, 129 Ill.App.3d 769 (Ill. App. 4 Dist. 1984), quoting *City of Elmhurst vs. Buettgen*, 394 Ill. 248, 251-52, 68 N.E.2d 278, 281 (1946). The restrictions placed on Plaintiffs' access to their property were reasonable; the Defendants, in an attempt to curb criminal activity at the complex, determined it was in the best interests of the inhabitants to erect the barricades.    (Comp. ¶ 11.)

Plaintiffs fail to allege facts sufficient to establish that Defendants' actions did not bear a substantial relationship to the public good. Plaintiffs do not have an absolute right of every point of access to their property and, therefore, Plaintiffs have failed to allege facts sufficient, and would be unable to, showing that they have a constitutionally protected property interest in unrestricted access to their property to support their claim. Therefore, Counts I through VIII should be dismissed with prejudice.

### C.    Plaintiffs Fail To Allege Facts Sufficient To Establish Defendants' Conduct Was Arbitrary and Capricious

In the alternative, even if Plaintiffs have established a Constitutionally protected property interest, they have failed to allege facts sufficient to sustain an allegation that Defendants' actions were arbitrary, capricious and/or irrational such that they meet the minimum threshold to constitute a due process violation under the Constitution. "Criteria to identify what is fatally arbitrary differ depending on whether it is legislation or a specific act of a governmental officer that is at issue." *County of Sacramento vs. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708 (1998).    When evaluating government action,

"the cognizable level of executive abuse of power sufficient to constitute a violation of substantive due process is behavior that 'shocks the conscience." *Id.* On the other hand, when evaluating legislation, it is found to be unconstitutional if it is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Kamaole Pointe Development LP vs. County of Maui, et al.,* 2008 WL 2622819 (D.Hawaii 2008). The 7th Circuit has adopted these criteria in evaluating substantive due process claims. *See Spencer vs. National Railroad Passenger Corp.,* 141 F.Supp.2d 1147 (N.D. Ill. 2001), quoting *Khan vs. Gallitano,* 180 F.3d 829, 836 (7th Cir. 1999) and holding that to state a claim for a substantive due process violation, the plaintiff has to allege that government conduct "was so arbitrary that it 'shocks the conscience and violates the decencies of civilized conduct." *Id.* "Substantive due process is implicated when the government exercises power without reasonable justification, and is most often described as an abuse of government power that 'shocks the conscience. The nub of a substantive due process claim is that some things the state just cannot do, no matter how much process it provides. Substantive due process prevents the state from taking certain actions even if it provides procedural safeguards, by protecting citizens against arbitrary or unreasonable government conduct. However, the Supreme Court has emphasized, 'only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" (Internal citations omitted.) *Kelly vs. Bd. of Ed. Of McHenry Community High School Dist.,* 2006 WL 2726231 (N.D. Ill. 2006). *See also Beary Landscaping vs. Ludwig,* 479 F.Supp.2d at 874 (N.D. Ill. 2007).

Plaintiffs allege that Defendants' actions were merely "pretext." (Comp. ¶ 11). However, the Defendants believed that there was criminal activity occurring at the

complex and that it would be in the best interest of the City to establish a police presence at the complex. Defendants' actions in no way amounted to the type of official conduct that would be considered so "egregious" as to be arbitrary in the Constitutional sense.

Furthermore, Plaintiffs allege that individuals would be interrogated upon entry (Comp. ¶ 10), and that "there were no exigent circumstances to justify" the intrusion. (Comp. ¶ 11). Initially, as stated earlier, Plaintiffs do not have standing to assert violations to others' constitutional rights. Even if Plaintiffs had standing, however, the Supreme Court has recognized that a police officer's duties include that of community caretaking. Community caretaking functions have been defined as "those aspects of police function that relate to minimizing the likelihood of disorder . . . [and] are equal in their importance to the police function in identifying and punishing wrongdoers." *U.S. vs. Garner,* 416 F.3d 1208, 1212 (10th Cir. 2005), quoting *Cady vs. Dombrowski,* 413 U.S. 433, 441, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). "In some circumstances, a police officer who is exercising these functions may properly detain a person." *U.S. vs. Garner* at 1212-1213, quoting *United States vs. King,* 990 F.2d 1552, 1560 (10th Cir. 1993). The 7th Circuit has recognized the police function of community caretaking. "In Illinois, a 'peace officer' is vested by law with a duty to maintain public order." *Finsel vs. Cruppenink,* 326 F.3d 903, 907 (7th Cir. 2003). The function of community caretaking occurs when "it is initiated by law enforcement to check on an individual's well-being, without initial thought of criminal activity." *People of the State of Illinois vs. Robinson,* 368 Ill.App.3d 963, 859 N.E.2d 232, 242, 307 Ill.Dec. 232. "An officer performs as a 'community caretaker' if his purpose in questioning the defendant was totally devoid from detention, investigation or acquisition of evidence." *Id.* In fact, the Illinois

Supreme Court has "stated expressly that the police have the right to approach citizens and ask potentially incriminating questions." *Id.*

Defendants have a legitimate purpose in protecting the health, safety and welfare of the City's inhabitants. In fact, it is an affirmative duty. "Only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Highland vs. Duchesne County,* 505 F.Supp.2d at 1160, quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Not only do these allegations fail to rise to arbitrary and capricious behavior, they could in no way be considered to be egregious.

Plaintiffs fail to allege facts sufficient, nor would they be able to, to establish that Defendants' actions were arbitrary, capricious, or that there could be no conceivable rational basis for their actions, let alone that Defendants' actions rise to the level of "egregious" official conduct to maintain a substantive due process violation. Accordingly, Counts I through VIII should be dismissed with prejudice.

### D. Counts IX and X of Plaintiffs' Amended Complaint Should be Dismissed

Count IX of Plaintiffs' Amended Complaint alleges the City is liable for the acts of its City Manager's, Police Chief's and police officers' individual actions brought pursuant to 745 ILCS 10/9-102. Count X of Plaintiffs' Amended Complaint is a claim for respondeat superior brought pursuant to 28 U.S.C. § 1367. Counts IX and X are supplementary claims. These claims should be dismissed because Plaintiffs' other claims, wherein this Court has original jurisdiction, should be dismissed.

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 which states, in relevant part:

(a)    "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal Statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

28 U.S.C. § 1367 further states:

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if, *inter alia,* "the district court has dismissed all claims over which it has original jurisdiction."

The 7th Circuit has continually held that where all claims under this Court's jurisdiction are dismissed so too should supplemental claims. "It is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Martino vs. MCI Communication Services, Inc.,* 2008 WL 2157170 (N.D. Ill. 2008). Therefore, Counts IX and X of Plaintiffs' Amended Complaint should be dismissed without prejudice.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Amended Complaint at Law with prejudice.


Respectfully Submitted,

STORINO, RAMELLO & DURKIN


s/ James E. Macholl

JAMES E. MACHOLL, ARDC No. 6184395
RICHARD J. RAMELLO, ARDC No. 3124818
MICHAEL K. DURKIN, ARDC No. 3121686
ANGELO F. DEL MARTO, ARDC No. 6191333
MELISSA A. MIROBALLI, ARDC No. 6243511
Storino, Ramello & Durkin
9501 West Devon Avenue, 8th Floor
Rosemont, Illinois  60018
847-318-9500