IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| W/G KRISTINA 123 LLC, W/C LCD, LLC, W/G SPI, LLC, and MICHAEL SPARKS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 08 C 3462 |
| THOMAS MELENA, STEVEN WILLIAMS, UNKNOWN ROLLING MEADOWS POLICE OFFICERS and the CITY OF ROLLING MEADOWS, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The 12 Oaks at Woodfield apartment complex in Rolling Meadows is home to 2,000 people. In an effort to address alleged criminal activity at the complex, the City of Rolling Meadows blocked off twelve of thirteen entrances and set up a checkpoint at the open entrance. After the owners of the complex filed suit, the Rolling Meadows Police removed or relocated the barricades so that residents and guests could enter and exit freely. The plaintiffs contend that the barricades violated their substantive and procedural due process rights, and assert that the City of Rolling Meadows has threatened to move the barriers back into place.[1] The defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is before the court.

---

[1] The court notes that the amended complaint also contains allegations that the defendants improperly searched 12 Oaks residents and visitors. However, the plaintiffs own and manage the 12 Oaks complex, and no tenants or visitors are parties to this action. Thus, the court will focus on the plaintiffs' complaint, which contains substantive and procedural due process claims, as opposed to claims that only residents have standing to raise, such as the constitutionality of any searches of residents. *See. e.g., Magnuson v. City of Hickory Hills*, 933 F.2d 562, 565-66 (7th Cir. 1991).

For the following reasons, the defendants' motion to dismiss pursuant to Rule 12(b)(1) is granted and the plaintiffs are given leave to replead.

**I.      Background**

The following facts are taken from the plaintiffs' complaint, and are deemed to be true for purposes of the motion to dismiss. Plaintiffs W/G Kristina 123 LLC, W/G LCD, LLC and W/G SPI LLC own the 12 Oaks at Woodfield apartment complex in Rolling Meadows, Illinois. Plaintiff Michael Sparks is a managing member of each of these entities. Approximately 2,000 residents live at the 12 Oaks complex, which covers 34 acres and has thirteen entrances.

On June 9, 2008, the Rolling Meadows police barricaded twelve of the thirteen entrances and set up a roadblock at the remaining open entrance, allegedly due to criminal activities taking place at 12 Oaks. Rolling Meadows did not provide any notice to the plaintiffs, who contend that the barricades harm the 12 Oaks' reputation, make the residents feel like criminals, and decrease the value of the property in the 12 Oaks complex. The plaintiffs allege that the police interrogated everyone entering the complex, even though the stated reason for the barricades was to pass out safety brochures.

In June of 2008, shortly before the hearing on the plaintiffs' motion for a temporary restraining order, the City removed the checkpoint and some of the barriers, and repositioned the remaining barriers so residents and visitors could access the 12 Oaks complex freely. According to the plaintiffs, the defendants intend to move the barricades back into place at an unspecified time to transform 12 Oaks into a gated community.

The plaintiffs filed suit against Thomas Melena (the Rolling Meadows city manager), Steven Williams (the Rolling Meadows police chief), unknown Rolling Meadows police officers

who were involved with the barricades, and the City of Rolling Meadows. They seek monetary, declaratory and injunctive relief under 42 U.S.C. § 1983 based on the defendants' alleged violations of their Fourteenth Amendment due process rights. Specifically, in their nine-count amended complaint, the plaintiffs assert procedural due process claims against Melena, Williams, the unknown Rolling Meadows police officers, and the City of Rolling Meadows (Counts I-IV, respectively), substantive due process claims against all of the defendants (Counts V-VIII, respectively), and two supplemental state law claims asserting that the City of Rolling Meadows is liable for any judgment against the individual defendants under 745 ILCS § 10/9-102 and respondeat superior (Counts IX-X).

## II.    Discussion

The defendants seek to dismiss the amended complaint pursuant to Rule 12(b)(1), contending that the plaintiffs' procedural and substantive due process claims are, in fact, really takings claims that are not ripe because the plaintiffs failed to exhaust their state court remedies prior to filing suit. Alternatively, the defendants argue that the plaintiffs' due process claims fail on the merits and should be dismissed under Rule 12(b)(6) because the plaintiffs have not established a constitutionally protected right to unrestricted access to their property and the barricades were a proper use of the City's police powers. Finally, the defendants seek dismissal of the supplemental state law claims, asserting that these claims can survive a motion to dismiss only if the plaintiffs plead a viable federal claim. The court's consideration of these arguments begins and ends with ripeness.

A.      Standard of Review for a Rule 12(b)(1) Motion to Dismiss

In ruling on a motion to dismiss, the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). Federal courts may review subject-matter jurisdiction at any point in litigation. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008). If a claim is not ripe, the court lacks subject matter jurisdiction. *Flying J Inc. v. City of New Haven*, — F.3d —, No. 08-2319, 2008 WL 5101593, at *3 (7th Cir. Dec. 5, 2008).

B.      Federal Constitutional Claims

"[T]he initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated." *Graham v. Connor*, 490 U.S. 386, 394 (1989). The parties to this case disagree as to what constitutional right is at issue. The defendants argue that any cause of action based on limiting access to the 12 Oaks property is necessarily a Fifth Amendment takings claim which must be exhausted in state court. On the other hand, the plaintiffs contend that they may proceed with substantive and procedural due process claims now, and that any such claims are not subject to the exhaustion requirement. For the following reasons, the court finds that the plaintiffs' federal constitutional claims, as they are currently pled, are subject to the exhaustion requirement.

1.      Takings Allegations

The Takings Clause in the Fifth Amendment "presupposes that the government has acted in pursuit of a valid public purpose" and requires the government to compensate owners of private property when the government takes private property for public use or interferes with an

owner's use of her property in a manner that amounts to a taking. *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 542 (2005). Federal courts may not adjudicate a Fifth Amendment takings claim challenging a local land use regulation until the regulatory agency has made a final decision and the property owner has exhausted all available state remedies. *See, e.g., Williamson County Reg. Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 193-93 (1985). The plaintiffs contend that they need not exhaust because they are not attempting to assert a takings claim.

This contention is inconsistent with the complaint's allegations, which reflect the plaintiffs' dissatisfaction with the financial effects of the police department's decision to barricade the complex in order to pass out safety brochures. *See* Amended Complaint at ¶¶ 11 (no exigent circumstances support the decision to distribute flyers "advising [residents] of public meetings whereby safety concerns attributable to their living quarters (*i.e.*, lock doors at night, do not leave valuables in your car) will be addressed"); 27 (police presence diminished goodwill associated with 12 Oaks); 28 (police presence decreased property value of the 12 Oaks complex); 29 (police presence caused 12 Oaks to lose renters).

As the plaintiffs have not exhausted their state law remedies, any takings claim would be premature. While recognizing that the plaintiffs deny that they are raising a takings claim, based on the allegations in their complaint and in the interests of completeness, the court finds that it would lack subject matter jurisdiction over any such claim based on the plaintiffs' failure to exhaust state remedies.

## 2. Substantive and Procedural Due Process

The Fourteenth Amendment provides that, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amdt. 14, § 1. The due process clause is understood to "guarantee more than fair process, and to cover a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them." *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). It also guarantees procedural due process by affording state citizens "the right to notice and an opportunity to be heard before being deprived of 'property' as defined by state law." *Taake v. County of Monroe*, 530 F.3d 538, 543 (7th Cir. 2008).

The plaintiffs contend that they may litigate substantive and procedural due process claims in federal court without first exhausting state law remedies. On the other hand, the defendants argue that the plaintiffs' due process claims are really takings claims in disguise, and as such, are subject to the exhaustion requirement.

As noted above, in *Williamson*, the Supreme Court recognized that federal courts do not have subject matter jurisdiction to adjudicate challenges to local land use regulations until the property owner exhausts all of her state law remedies. *Williamson County Reg. Planning Comm'n v. Hamilton Bank*, 473 U.S. at 193-93. The Seventh Circuit:

> has followed *Williamson* and held, "[A] property owner may not avoid *Williamson* by applying the label 'substantive due process' to the claim. So too with the label 'procedural due process.' Labels do not matter. A person contending that the state or local regulation of the use of land has gone overboard must repair to state court.

*Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000), *quoting River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 (7th Cir. 1994).

The Seventh Circuit has also stressed that courts attempting to distinguish between a due process and a takings claim must look at the facts alleged in the plaintiff's complaint, as "the *Williamson County* exhaustion requirement applies with full force to due process claims (both procedural and substantive) when based on the same facts as a takings claim." *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 261 (7th Cir. 2004). Finally, challenges to land use decisions based on government action meant to further a valid public purpose arise under the Takings Clause. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. at 542. On the other hand, a claim arises under the Due Process Clause, as opposed to the Takings Clause, if it rests on allegedly arbitrary and capricious conduct. *See id*. ("Conversely, if a government action is found to be impermissible – for instance because it . . . is so arbitrary as to violate due process – that is the end of the inquiry. No amount of compensation can authorize such action").

With these precepts in mind, the court turns to whether the plaintiffs's due process claims are in fact takings claims. In their response to the motion to dismiss, the plaintiffs argue that the defendants' actions were arbitrary and did not serve any legitimate governmental objective, so they are entitled to proceed with their due process claims without first exhausting state remedies. They also contend that they did not receive proper notice regarding erection of the barricades. The facts alleged in the complaint, however, basically fall into two categories. First, the plaintiffs allege that the barricades and police presence violate residents' right to be free from unconstitutional searches. The plaintiffs lack standing to pursue any such claims. *See Magnuson v. City of Hickory Hills*, 933 F.2d at 565-66 (plaintiffs cannot vicariously assert Fourth Amendment rights of non-parties).

Second, the plaintiffs contend that the defendants overreached when they decided to set up barricades and distribute flyers to promote public safety, Amended Complaint at ¶ 11, and that these actions decreased their property values and caused them to lose money, *id*. at ¶¶ 27, 28, and 29. As discussed above, these allegations are consistent with a takings claim, as they essentially assert that "local regulation of the use of land has gone overboard." *See Forseth v. Village of Sussex*, 199 F.3d at 368. Moreover, these allegations are based on facts which would support a takings claim. *See Greenfield Mills, Inc. v. Macklin*, 361 F.3d at 261 (plaintiffs must exhaust procedural and substantive due process claims if they are "based on the same facts as a takings claim").

The only way to avoid the exhaustion requirement is, therefore, to sufficiently allege in the complaint that the defendants acted arbitrarily when they set up the barricades.[2] In their response to the motion to dismiss, the plaintiffs generally assert that the defendants did so. This is insufficient, as it is well established that a plaintiff may not amend her complaint in response to a motion to dismiss. *See, e.g., Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). The court thus considers the allegations that actually appear in the amended complaint. Even a generous reading of that pleading fails to unearth any non-conclusory allegations of arbitrary conduct. Instead, as noted above, the eighteen-page amended complaint reflects the plaintiffs' disagreement with the necessity for the defendants' actions and asserts that

---

[2] Any such allegations would be viewed through the lens of Rule 12(b)(6). This opinion is limited to consideration, under Rule 12(b)(1), of whether the plaintiffs alleged arbitrary conduct supporting a due process claim, as opposed to whether that conduct states a due process claim for which relief may be granted.

these actions harmed the plaintiffs financially. This is simply not enough to transform an unexhausted takings claim into an actionable substantive or procedural due process claim.

This brings the court to the plaintiffs' final argument about ripeness. According to the plaintiffs, they are entitled to proceed with their procedural due process claim even if they must exhaust their substantive due process claim because procedural due process claims only require an allegation that a defendant failed to provide sufficient process. This is incorrect, as the Seventh Circuit has held that plaintiffs must exhaust "due process claims (both procedural and substantive)" if they are "based on the same facts as a takings claim." *See Greenfield Mills, Inc. v. Macklin*, 361 F.3d at 261; *see also Discovery House, Inc. v. Consolidated City of Indianapolis*, 319 F.3d 277, 281-82 (7th Cir. 2003) ("Were the claim a takings claim or one based on substantive or procedural due process, it would be subject to requirements somewhat unusual for a § 1983 claim – the ripeness requirements set out in *Williamson County* . . . )".

For the reasons discussed above, the plaintiffs' due process claims are based on the same facts as a takings claim. Thus, based on the allegations in the amended complaint, the plaintiffs must exhaust prior to pursuing federal litigation. *See River Park, Inc. v. City of Highland Park*, 23 F.3d at 167 ("the only procedural rules at stake are those local law provides, and these rules must be vindicated in local courts"). In light of this conclusion, the court will not address the parties' remaining arguments about the merits of the substantive and procedural due process claims.

### C. State Law Claims

Given the court's conclusion that the plaintiffs' federal claims are premature and thus must be dismissed due to lack of subject matter jurisdiction, the court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c).

### III. Conclusion

For the reasons discussed above, the defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [#54] is granted insofar as the court finds that the plaintiffs' substantive and procedural due process claims as they are currently stated, as well as any takings claims based on the complaint's allegations, are premature as the plaintiffs must exhaust state remedies before proceeding with a federal action. The court thus dismisses these claims for lack of subject matter jurisdiction. The plaintiffs may file an amended complaint by February 11, 2009, amending their due process claims consistent with this order and counsel's Rule 11 obligations. In light of this ruling, the court will not address the parties' remaining arguments and declines to exercise supplemental jurisdiction over the plaintiffs' state law claims (Counts IX and X).

DATE: January 13, 2009

Blanche M. Manning
United States District Judge